885 So.2d 1001 (2004)
Scott MULVANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1880.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
Scott Mulvaney, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Scott Mulvaney appeals a final order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings on one of Mulvaney's claims.
In point four, Mulvaney alleged that trial counsel provided ineffective assistance because he did not investigate and call a potential witness to testify at trial. Mulvaney was convicted of several offenses, including crimes stemming from his status as the driver of his vehicle. Mulvaney alleges that the witness would have admitted that he was the driver of Mulvaney's vehicle on the date of the offenses.
The state argued that the claim was legally insufficient as Mulvaney did not allege that the witness was available to testify, that his testimony would have been favorable, or the nature of his testimony. Cunningham v. State, 748 So.2d 328 (Fla. 4th DCA 1999). We agree that Mulvaney has failed to allege the witness's availability.
During the pendency of this appeal the Florida Supreme Court decided Nelson v. State, 875 So.2d 579, 582 (Fla.2004). Nelson holds that a proper claim challenging counsel's failure to call a witness requires that the movant allege: the identity of the witness, the substance of the witness's testimony, an explanation as to how the omission of this evidence prejudiced the outcome, and that the witness was available to testify. Nelson requires the trial court to permit leave to amend when a defendant's motion is lacking a key allegation. Id. We *1002 reverse and remand to permit such amendment as outlined by Nelson. Thereafter, the trial court can revisit the legal sufficiency of the claim. See Barthel v. State, 882 So.2d 1054 (Fla. 2d DCA, 2004).
GUNTHER, STONE and POLEN, JJ., concur.