908 So.2d 552 (2005)
Rusty KEEVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5073.
District Court of Appeal of Florida, Second District.
August 10, 2005.
WHATLEY, Judge.
Rusty Keevis appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Keevis raises five claims for relief in his motion. We affirm without comment as to three of Keevis' five claims. As to Keevis' remaining two claims, we *553 reverse as to one claim, and affirm, but certify a question as to the other claim.
Keevis claims his counsel was ineffective for failing to call two defense witnesses to testify on his behalf. Keevis did not allege in his motion that the witnesses were available to testify at trial. The trial court denied this claim without prejudice to his filing a facially sufficient claim.
The trial court was correct to recognize that the recent holding in Nelson v. State, 875 So.2d 579 (Fla.2004), applied and that Keevis, having filed a facially insufficient motion claiming ineffective assistance for failure to call witnesses, should be afforded the opportunity to amend his claim. Rather than denying the claim without prejudice, the trial court should have, according to the specific language in Nelson, granted Keevis leave to amend his claim. See White v. State, 884 So.2d 279 (Fla. 2d DCA 2004).
By denying the motion without prejudice to Keevis filing a new motion, the trial court created a circumstance where any future motion for postconviction relief filed by Keevis raising a facially sufficient claim of failure to call the witness listed in his first motion for postconviction relief would not relate back to the date of his originally filed motion. Procedurally, this practice could create circumstances where a facially sufficient rule 3.850 motion for postconviction relief, filed subsequent to a trial court order denying an insufficient motion without prejudice, is inadvertently denied as either successive to the previous rule 3.850 motion or as untimely. Had the trial court granted Keevis leave to amend his facially insufficient motion, any amended motion would have related back to the date of his originally filed rule 3.850 motion, preventing the possibility of a facially sufficient motion being improperly denied in the future.
The importance of granting leave to amend a facially insufficient claim raised in a postconviction motion is discussed in a recently issued opinion of the Florida Supreme Court that reviewed the order of a circuit court determining that it lacked jurisdiction to hear the claim, or alternatively, denying the motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. Bryant v. State, 901 So.2d 810 (Fla.2005). In Bryant, the circuit court "struck" the originally filed rule 3.851 motion based on the failure of the motion to satisfy the pleading requirements of rule 3.851. Id. at 816. The circuit court then granted a motion to allow for the filing of an amended motion but concluded it did not have jurisdiction to hear the claims in the amended motion because, by striking the motion originally, the amended motion was "new" and was untimely. Id. The Bryant court held that the circuit court did have jurisdiction to hear the claims raised in the amended motion because, rather than striking the motion, the circuit court should have "granted leave to amend within a reasonable time." Id. at 815.
By analogy, the facts surrounding the holding in Bryant may be read to indicate that when any postconviction motion fails to meet the pleading requirements of a rule itself, the proper procedure is to strike the motion with leave to amend. See id. at 817. In denying Keevis' claim without prejudice, the trial court was clearly making every effort to comply with the holding in Nelson. However, applying the reasoning set forth in Bryant to insufficiently pleaded claims of ineffective assistance for failure to call witnesses, we reverse the order of the trial court denying the claim without prejudice and remand for the trial court to strike Keevis' motion with leave to amend his claim that his counsel was ineffective for failing to call a witness. In so doing, we note that Bryant *554 suggests thirty days as one generally appropriate time limit within which an insufficient motion could be amended. See 901 So.2d at 819.
Keevis also claims his counsel was ineffective for failing to impeach two witnesses. In his motion, Keevis identified two witnesses who he claims his counsel should have impeached based on medical history, past criminal record, and inconsistent statements. In denying the claim, the trial court noted the vagueness of the claim and concluded that Keevis had failed to allege either deficient performance or prejudice because he did not allege on what portions of the testimony the witnesses could have been impeached or how the failure to do so affected his trial.
We affirm the order of the trial court denying Keevis' claim of ineffective assistance of counsel for failure to impeach witnesses, however, in so doing, we recognize a need for uniformity in the procedure for addressing pro se, facially insufficient claims of ineffective assistance of counsel. Accordingly, we certify the following question to the Supreme Court of Florida as one of great public importance:
SHOULD THE PROCEDURE OF QUASHING THE ORDER OF THE TRIAL COURT DENYING A FACIALLY INSUFFICIENT CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, WITH INSTRUCTIONS THAT THE TRIAL COURT GRANT THE APPELLANT LEAVE TO AMEND THE RULE 3.850 POSTCONVICTION MOTION, BE EXTENDED TO INCLUDE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL THAT ARE INSUFFICIENT AS A RESULT OF A FAILURE TO ALLEGE ONE OR BOTH PRONGS OF THE STANDARD SET FORTH IN STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.CT. 2052, 80 L.ED.2D 674 (1984)?
Affirmed in part, reversed and remanded in part, question certified.
DAVIS and LaROSE, JJ., Concur.