912 So.2d 54 (2005)
Marcia FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4638.
District Court of Appeal of Florida, Fourth District.
September 7, 2005.
Rehearing Denied October 19, 2005.
*55 Marcia Frazier, Fort Lauderdale, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Marcia Frazier appeals the trial court's summary denial of her rule 3.850 motion for post-conviction relief. The motion raised numerous claims of ineffective assistance of counsel and other errors. We reverse and remand for the trial court's further review of points 2B and 3A.
Point 2B concerns Frazier's claim that her Criminal Punishment Code scoresheet incorrectly assessed her 16 additional points (4 points for a legal status violation and 12 points for a community sanction violation before the court for sentencing). The state has conceded that the assessment of 12 points for the community sanction violation before the court for sentencing was error.
On Frazier's original scoresheet, her minimum sentence was 83 months (6.9 years) up to the statutory maximum of 30 years on her robbery conviction and 15 years on her kidnapping conviction. She was sentenced to a term of 12 years in prison on both convictions. With a corrected scoresheet, her minimum sentence would have been 74.5 months, or 6.2 years. The state contends that Frazier is not entitled to re-sentencing in spite of the error because the same sentence could have been imposed under the Criminal Punishment Code without departure. However, the Supreme Court of Florida has recently held in State v. Anderson, 905 So.2d 111 (Fla.2005), that the record must conclusively show that the same sentence would have actually been imposed, or it will not be considered a harmless error. See also Cruz v. State, 884 So.2d 105 (Fla. 4th DCA 2004) (holding that when a motion asserting a sentencing calculation error *56 is brought before a successor judge, it must appear conclusive on the record that the same sentence would have been imposed in order for relief to be properly denied).
In Frazier's case, her rule 3.850 motion was not considered by the original sentencing judge, but by a successor judge. At her original sentencing, the judge indicated that he had considerable difficulty imposing her sentence, because he had to consider both the compelling evidence that showed Frazier had been actively involved in the plot with her co-defendant (by planning how to spend the ransom money), and the competing facts showing that she cooperated with police when arrested, chose not to testify falsely, and did not operate as the ringleader of the kidnapping plot. The original sentencing judge indicated that the issue of "proportionality" in Frazier's case troubled him, and that he was considering it as a mitigating factor. During the sentencing, there was some discussion about her probationary offense. Thus, the sentencing judge was aware of the legal status violation. The original sentencing judge was apparently unaware that 12 points had been added to Frazier's score for the "community sanction violation before the court for sentencing." Further, the court was advised that the minimum sentence was 83 months, not 74.5 months.
The difference of eight months in the recommended minimum sentence might have caused the sentencing judge to impose a lower sentence, since he was not inclined to sentence her to the statutory maximum and was considering "proportionality" as a mitigator. The record is not clear that the sentencing judge would have imposed the same sentence of 12 years had it been presented with the correct scoresheet calculation. Thus, Anderson requires reversal of the summary denial of this claim. We reverse the denial of this claim and remand it to the trial court for either the attachment of conclusive record proof that the same sentence of 12 years would have been imposed, or for re-sentencing with a corrected scoresheet.
Point 3A concerns Frazier's claim that her trial counsel was ineffective for failing to call additional witnesses to testify on her behalf at trial. Nelson v. State, 875 So.2d 579 (Fla.2004) requires that a defendant alleging that counsel failed to call witnesses to testify is required to "allege what testimony defense counsel could have elicited from witnesses and how defense counsel's failure to call, interview, or present the witnesses who would have so testified prejudiced the case" in order to state an ineffective assistance of counsel claim. See also Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998). We have recently interpreted Nelson to require the trial court to grant leave to the defendant to amend the motion if it does not contain all of the necessary allegations. See Mulvaney v. State, 885 So.2d 1001 (Fla. 4th DCA 2004); see also Barthel v. State, 882 So.2d 1054 (Fla. 2d DCA 2004); Chamberlain v. State, 880 So.2d 796 (Fla. 5th DCA 2004).
Because Frazier failed to include any of the key allegations mentioned above, the trial court was required to deny her rule 3.850 motion without prejudice to her re-filing a legally adequate claim. The trial court erred in summarily denying this claim without providing her the opportunity to amend her motion. We reverse the summary denial of this claim and remand with directions that she be allowed to amend her motion to meet the Nelson standard within a reasonable time, as it appears that she is otherwise time barred *57 from filing a new rule 3.850 claim. We affirm as to all other claims.
SHAHOOD, TAYLOR and MAY, JJ., concur.