923 So.2d 543 (2006)
Theodore SPERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4535.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
*544 Jason Scott Coupal of Jason Scott Coupal, P.A., Fort Lauderdale, for appellant.
No appearance required for appellee.
EN BANC
STONE, J.
We affirm the summary denial of Spera's rule 3.850 motion for post-conviction relief. We issue this en banc opinion to recede from our recent opinion in Frazier v. State, 912 So.2d 54 (Fla. 4th DCA 2005). The trial court denied the motion as substantively insufficient, in a detailed order which does not provide leave to amend.
In his first claim, Spera asserts that the trial attorney failed to call witnesses in his defense or to present a case-in-chief. However, he failed to identify any of the witnesses or describe what testimony would support his defense, or to confirm that the witnesses were available to testify at the time of trial. Additionally, Spera failed to describe what defense his trial attorney should have put forth. The trial court determined these claims were legally insufficient. In his second claim, Spera argues that his attorney failed to adequately discuss the case with him prior to trial. There is also no explanation as to how this prejudiced his case.
Although not cited by the trial court, its decision is in accord with Nelson v. State, 875 So.2d 579 (Fla.2004). In Nelson, the supreme court effectively overturned the ruling in Gaskin v. State, 737 So.2d 509 (Fla.1999), which had reduced the requirements for pleading such claims of ineffective assistance of counsel. In Gaskin, the court declared a movant was not required to name the witnesses or describe the expected testimony in order to have a legally sufficient claim. 737 So.2d at 514 n. 10. Shortly thereafter, Nelson recognized the mistake made in Gaskin, declaring the footnote in Gaskin was "overbroad" and returned to the standard that a movant must, at the very least, name the witnesses and describe the testimony that would have been adduced had the witnesses been called, showing how counsel's failure to call, interview, or present the witnesses prejudiced the case. Nelson, 875 So.2d at 582-83.
We note that Reaves v. State, 826 So.2d 932, 940 (Fla.2002), also recognized that a motion for post-conviction relief that does not "indicate what favorable information defense counsel could have elicited from these witnesses, nor . . . show how [defendant] was prejudiced" is legally insufficient.
In Frazier, this court concluded that Nelson required the trial court to, sua sponte, grant leave to the defendant to refile the motion if it does not contain all of the necessary allegations. 912 So.2d at 56 (citing Mulvaney v. State, 885 So.2d 1001 (Fla. 4th DCA 2004)). We, therefore, determined that the trial court erred in summarily denying the claim without, sua sponte, providing the opportunity to amend.
We note that in Bryant v. State, 901 So.2d 810, 821 (Fla.2005), a death penalty case where the defendant claimed his attorney was ineffective for failing to call an expert witness, the supreme court recently affirmed the summary denial of a post-conviction motion because neither the motion nor the appellate brief alleged specific *545 facts about which the expert would testify. "He has not provided proposed testimony and does not even claim to have obtained an expert. . . . Without more specific factual allegations, such as proposed testimony, this claim is insufficient under Nelson." Id. at 821-22. While this is not a unique finding, it is noteworthy that there is no discussion that the ultimate motion should have been denied with leave to amend the substantive deficiencies. It should also be noted that Bryant could be read as endorsing an expanded view of allowing amendments, but solely where the "failure to comply with the rule is more a matter of form than substance." Id. at 819. In Bryant, the initial post-conviction motion was "stricken for mostly technical deficiencies in form" such as failing to attach copies of the judgment and sentence as required by the rule. Id. at 819 n. 5. Once Bryant corrected these technical deficiencies, but left the substantive deficiency of failing to describe the content of the missing testimony, the trial court denied relief, and the supreme court affirmed without allowing for an amendment.
Our review of Nelson reflects that the supreme court was recognizing that when the movant has failed to allege whether the missing witnesses were available to testify at trial, a period of time to allow for an amendment should be granted. 875 So.2d at 583-84. However, we do not read the Nelson opinion as extending this relief from an essentially technical omission to the point where a movant who wholly fails to present sufficient facts as to any aspect of a claim of prejudice should, automatically, be granted leave to amend the motion.
Spera cites Milton v. State, 897 So.2d 1268 (Fla.2005), for the proposition that it is always proper to allow amendments to a motion where the claim of ineffective assistance of counsel (for failure to call witnesses) is procedurally deficient. The Milton majority does not explain the particular defect in question, but does cite Nelson, which clearly was concerned simply with the absence of the phrase "the witness was available to testify." The concurring opinion in Milton also recognizes that a trivial omission was at issue and that the better remedy is to grant leave to amend when the summary denial was based on the "imposition of unnecessary artificial technical words of pleading." Id. at 1269 (Lewis, J. concurring in result only). Surely, if the error or omission was as extensive as in the present case (where Spera failed to describe at all how he was prejudiced), Justice Lewis would not have declared the mistake in that case was merely due to an omission of "technical words of pleading."
On further consideration, we do not interpret Nelson as encompassing the extended application we mandated by Frazier. But see Keevis v. State, 908 So.2d 552 (Fla. 2d DCA 2005) (broadly applying Nelson to encompass any omission in pleading). We conclude that if the supreme court intended to announce a requirement that when any post-conviction motion fails to meet any pleading requirement for post-conviction relief, an order denying relief must deny relief with leave to amend, it would certainly have stated such a requirement more explicitly.
We note that in Frazier, this court relied upon Mulvaney, but that in Mulvaney, the omission was the same technical omission found in Nelson, the failure to claim that the witness was available to testify.
Therefore, we affirm and recede from Frazier to the extent that it recognizes a per se requirement that trial courts must deny relief with leave to amend whenever the pleading is deficient by omission and *546 the omitted claims go beyond a simple technical failure.
We recognize conflict with Keevis.
STEVENSON, C.J., GUNTHER, WARNER, POLEN, FARMER, KLEIN, SHAHOOD, GROSS, TAYLOR, and MAY, JJ., concur.
HAZOURI, J., recused.