971 So.2d 754 (2007)
Theodore SPERA, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-1304.
Supreme Court of Florida.
November 1, 2007.
Rehearing Denied December 26, 2007.
*755 Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Celia Terenzio, Senior Assistant Attorney General, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, FL, for Respondent.
CANTERO, J.
This case involves a narrow issue of law that begs a broader resolution. It stems from our decision in Nelson v. State, 875 So.2d 579, 581 (Fla.2004), where we held that a defendant claiming ineffective assistance of counsel for failing to call witnesses at trial must allege that the witness was available to testify. We allowed the defendant to amend the claim to add such an allegation. In the case under review, the Fourth District Court of Appeal applied Nelson narrowly, holding that it allowed amendments to postconviction motions to remedy only "technical omissions," not a complete failure of pleading. Spera v. State, 923 So.2d 543 (Fla. 4th DCA 2006) (en banc). That holding conflicts with the Second District Court of Appeal's decision in Keevis v. State, 908 So.2d 552 (Fla. 2d DCA 2005), which applied Nelson more broadly to other pleading deficiencies in a claim alleging counsel's failure to call witnesses at trial and also noted the need for a consistent approach for all postconviction claims. We granted review to resolve the conflict. See art. V, § 3(b)(3), Fla. Const.; Spera v. State, 945 So.2d 1291 (Fla.2006) (granting review). Having reviewed the briefs and heard argument on the issue, we are convinced that a narrow resolution of this issue will lead to confusion and further litigation over which deficiencies justify amendment. Accordingly, to establish uniformity in the criminal postconviction process, we hold that in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected.

I. FACTS
Spera was convicted of fleeing or attempting to elude a law enforcement officer and burglary of an occupied dwelling. His conviction was affirmed. See Spera v. State, 833 So.2d 150 (Fla. 4th DCA 2002). He then filed a postconviction motion alleging that trial counsel was ineffective because he failed to "call witnesses on Defendant's behalf, although he had been instructed to do so." The trial court found the claim facially insufficient and dismissed the case.
On appeal, the district court considered our recent decisions in Nelson and Bryant v. State, 901 So.2d 810 (Fla.2005), and concluded that under these circumstances they did not require a trial court to permit an amendment. The court, acting en banc, unanimously receded from its panel decision in Frazier v. State, 912 So.2d 54, 56 (Fla. 4th DCA 2005), to the extent it required leave to amend any facially insufficient claim that counsel was ineffective for failing to call witnesses. Spera, 923 So.2d at 545-46.

*756 II. DISCUSSION OF LAW
We now review the applicable law and apply it to this case. In the following sections, we begin by examining the conflict on this issue between the Second and Fourth District Courts of Appeal. We then review the pleading requirements for postconviction motions under Florida Rule of Criminal Procedure 3.850 and United States Supreme Court precedent, as well as the opportunities defendants currently have to remedy insufficient motions by filing either amended motions or successive ones. We then review our recent decision in Bryant, which allowed defendants sentenced to death an opportunity to amend insufficient pleadings. Finally, we apply the holding in Bryant to all criminal defendants.

A. The Conflict in the Courts
In Spera, the Fourth District recognized conflict with the Second District's decision in Keevis. Spera, 923 So.2d at 546. This conflict arises from the courts' divergent interpretations of our decision in Nelson, 875 So.2d at 581. In that case, a defendant's postconviction motion alleged that counsel was ineffective for failing to call, interview, or investigate witnesses for trial. We held that in addition to alleging the identity of the witnesses, the substance of their testimony, and how the defendant was prejudiced, a movant must allege that the witness was available to testify at trial. Nelson, 875 So.2d at 584. The defendant had not done so, and we allowed him to amend his claim. We also outlined a procedure for amending a facially insufficient claim in that context:
We do not, however, want postconviction relief to be denied simply because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. Therefore, when a defendant fails to allege that a witness would have been available, the defendant should be granted leave to amend the motion within a specified time period. If no amendment is filed within the time allowed, then the denial can be with prejudice.
Id. at 583-84.
Initially, both the Second and Fourth Districts applied Nelson broadly. That is, whether the movant failed to include one or all of the allegations required for a claim that counsel failed to call witnesses, both courts held that the defendant must be allowed to amend the claim. See, e.g., Sage v. State, 905 So.2d 1039, 1042 (Fla. 2d DCA 2005) (allowing the defendant to amend a claim that omitted the identity and availability of the witnesses and the substance of their testimony); Frazier v. State, 912 So.2d 54, 56 (Fla. 4th DCA 2005) (holding that where the defendant "failed to include any of the key allegations," Nelson required an opportunity to amend the claim). In Keevis, the Second District reiterated its prior view. 908 So.2d at 553. The court also noted that allowing amendment of claims for failure to call witnesses, but not of other ineffective assistance claims, presented a "need for uniformity in the procedure for addressing" all facially insufficient claims. Id. at 554.
In contrast, the Fourth District in Spera receded from its prior broad application of Nelson:
Our review of Nelson reflects that the supreme court was recognizing that when the movant has failed to allege whether the missing witnesses were available to testify at trial, a period of time to allow for an amendment should be granted. 875 So.2d at 583-84. However, we do not read the Nelson opinion as extending this relief from an essentially technical omission to the point where a movant who wholly fails to present sufficient facts as to any aspect of a claim of prejudice should, automatically, *757 be granted leave to amend the motion.
. . . .
On further consideration, we do not interpret Nelson as encompassing the extended application we mandated by Frazier. But see Keevis v. State, 908 So.2d 552 (Fla. 2d DCA 2005) (broadly applying Nelson to encompass any omission in pleading). We conclude that if the supreme court intended to announce a requirement that when any post-conviction motion fails to meet any pleading requirement for post-conviction relief, an order denying relief must deny relief with leave to amend, it would certainly have stated such a requirement more explicitly.
Spera, 923 So.2d at 545. The Fourth District concluded that under Nelson amendments should be permitted only where the defendant omitted the "technical" requirement of alleging a witness's availability. Because Spera's claim did not include any of the required allegations, the court concluded that he was not entitled to amend the claim.
Thus, the Fourth District reads our decision in Nelson narrowly to apply only where the pleading deficiency is a "technical omission"  such as the element of the claim involved in Nelson; while Keevis reads it as applying broadly to any pleading deficiency.
We now review the requirements for filing and amending motions for postconviction relief.

B. Pleading Requirements Under the Rule and Strickland[1]
The general requirements for filing a motion to vacate a criminal judgment and sentence, known as postconviction motions, are outlined in Florida Rule of Criminal Procedure 3.850.[2] The rule lists the available grounds for filing a motion, establishes deadlines, and outlines the required contents of a motion. These include the "nature of the relief sought" and "a brief statement of the facts (and other conditions) relied on in support of the motion." Fla. R.Crim. P. 3.850(a)-(c). Because most postconviction motions are filed pro se, the rules also contain a form to help defendants file their motions. See Fla. R.Crim. P. 3.987. This form explains that the defendant must "[s]tate concisely every ground on which [the defendant] claim[s] that the judgment or sentence is unlawful" and lists the "most frequently raised grounds for postconviction relief," including the ineffective assistance of counsel.
Although the form advises defendants to include facts supporting each claim, neither the rule nor the form explains the pleading requirements for a claim of ineffective assistance of counsel. Those requirements were established years ago in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In that case, the United States Supreme Court created a two-pronged test. The deficient performance prong requires a defendant to identify specific acts or omissions of counsel that are "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. 2052. The prejudice prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding *758 would have been different." Id. at 694, 104 S.Ct. 2052. A motion claiming ineffective assistance of counsel must include facts establishing both deficient performance of counsel and prejudice to the defendant.
Upon receiving a motion filed under rule 3.850, the court must first "determine whether the motion is facially sufficient, i.e., whether it sets out a cognizable claim for relief based upon the legal and factual grounds asserted." Jacobs v. State, 880 So.2d 548, 550 (Fla.2004); see Fla. R.Crim. P. 3.850(d). Only after the trial court deems the motion (or the particular claims within it) facially sufficient does it review the record for evidence refuting the claim.
Thus, rule 3.850 distinguishes between claims that are facially insufficient and those that are facially sufficient but are also conclusively refuted by the record. A determination of facial sufficiency will rest upon an examination of the face, or contents, of the postconviction motion. Because the determination of facial sufficiency under rule 3.850 is one of law and involves an evaluation of the legal sufficiency of the claim alleged, the evidence in the record will ordinarily be irrelevant to such an evaluation.

Jacobs, 880 So.2d at 551 (emphasis added). To determine the facial or legal sufficiency of a claim of ineffective assistance of counsel, the court applies Strickland's two-pronged test. See Jones v. State, 845 So.2d 55, 65 (Fla.2003) ("To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant."). Failure to sufficiently allege both prongs results in a summary denial of the claim. See Thompson v. State, 796 So.2d 511, 514 n. 5 (Fla. 2001) (affirming the summary denial of ineffectiveness claims in part as "legally and facially insufficient" under Strickland because the defendant failed to "allege[ ] how he was prejudiced by counsel's failure to object or raise the asserted error").
When a defendant files a facially insufficient claim, the trial court has the discretion to permit an amendment. See, e.g., Sampson v. State, 793 So.2d 149, 150 (Fla. 2d DCA 2001) (holding that the defendant's claim that counsel was ineffective for failing to move to dismiss a defective information was facially insufficient, but allowing the defendant to file a motion curing the insufficiency). The rule also provides a more formal way to remedy a pleading deficiency by allowing the defendant to file a successive motion. The rule provides that
[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Fla. R.Crim. P. 3.850(f). A trial court "may not summarily dismiss a successive motion for post-conviction relief that raises issues that were either summarily denied or dismissed for legal insufficiency in the initial motion." Christopher v. State, 489 So.2d 22, 24 (Fla.1986); see McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983) (stating that the prohibition against successive motions applies "only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed for legal insufficiency"); see also Frew v. State, 947 So.2d 1275, 1276 (Fla. 2d DCA 2007) (stating that the circuit *759 court's discretion to dismiss a motion as successive under rule 3.850(f) "does not apply when the previous motion was summarily denied or dismissed for legal insufficiency"); Mancebo v. State, 931 So.2d 928, 929 (Fla. 3d DCA 2006) ("Because there was no denial on the merits and the 3.850 time limit had not expired, the defendant was allowed to file a second Rule 3.850 motion in an attempt to allege legally sufficient claims."). Under rule 3.850(f), therefore, a defendant whose postconviction claim is denied as facially insufficient may file a successive motion raising the same claim but remedying the insufficiency.
The caveat in the rule, however, is that successive motions must be filed by the two-year deadline in the rule. See Fla. R.Crim. P. 3.850(b) (specifying time limits for postconviction motions). Thus, defendants whose initial postconviction motions are dismissed as insufficient after the deadline expires cannot avail themselves of the rule.
Defendants also have another avenue, albeit one not mentioned in the rule, for amending deficient postconviction motions. We have held that a trial court abuses its discretion when it refuses to consider amendments to a motion filed before the deadline and before the trial court rules on the motion. See Gaskin v. State, 737 So.2d 509, 518 (Fla.1999) (holding that the court erred in denying an amended motion filed before the trial court ruled on the original motion and before the two-year time limit expired, but finding the error harmless because the new claims were procedurally barred), receded from on other grounds by Nelson, 875 So.2d at 583; see also Hyacinthe v. State, 940 So.2d 1280, 1281 (Fla. 4th DCA 2006) ("[A] 3.850 movant has the right to amend or supplement a motion at any time within the two-year time limit as long as the trial court has not yet ruled on the merits of the motion."). Again, however, the amended motion must be filed before the deadline expires.
A gap therefore remains for defendants who file a timely but insufficient initial postconviction motion, but whose amended or successive motion would be filed after the deadline. As explained below, in interpreting the corresponding postconviction rule for defendants sentenced to death, we closed that gap and allow defendants to amend insufficiently pled motions. We now review our decision in Bryant v. State and discuss its applicability to motions filed under rule 3.850.

C. Bryant and the District Courts
As the district court noted in this case, our decision in Nelson was limited to motions alleging ineffective assistance by failing to call witnesses for trial. In Spera, the court held that Nelson applied only in that limited context. The court relied on our decision in Bryant, decided a year after Nelson, to read Nelson narrowly. 923 So.2d at 545. Yet in Keevis, the Second District relied on that same case to read Nelson broadly. 908 So.2d at 553. We now review that decision and explain the source of the confusion.
In Bryant, a defendant sentenced to death filed his postconviction motion under a separate but analogous rule, Florida Rule of Criminal Procedure 3.851. Bryant, 901 So.2d at 816. The State moved to strike the motion because of various pleading deficiencies: "Bryant failed (1) to attach a copy of the judgment and sentence; (2) to plead his claims separately, detailing the facts; and (3) to justify raising issues in a collateral pleading which either were or could have been raised on direct appeal." 901 So.2d at 817. The trial court granted the motion, without specifying the ground. Id. After the deadline for filing a postconviction motion had expired, Bryant requested permission to *760 amend the stricken motion, which the court granted. Subsequently, however, the trial court concluded that the amended motion did not relate back to the original and because the amended motion was filed after the deadline, it was procedurally barred. Ruling in the alternative, the court dismissed the amended motion for lack of jurisdiction and also summarily denied it on the merits. Id.
We first held that "the trial court abused its discretion in striking the initial motion without granting leave to amend." Id. Examining the original motion, we noted that this was no "`shell motion' . . . filed merely to comply with the filing deadline," id. at 818, and that, had the court stricken the motion with leave to amend, the amended motion would have related back to the original. Id. We further concluded that "due process demands that some reasonable opportunity" should be given to amend such motions. Accordingly, we held "that when a defendant's initial postconviction motion fails to comply with the requirements of rule 3.851, the proper procedure is to strike the motion with leave to amend within a reasonable period." Id. at 819.
As with our decision in Nelson, the Second and Fourth Districts have interpreted Bryant in disparate ways. In Spera, the Fourth District noted that in Bryant the original motion was stricken for "mostly technical deficiencies in form," 923 So.2d at 545 (quoting Bryant, 901 So.2d at 819), and that after those deficiencies were corrected, "there [was] no discussion that the ultimate motion should have been denied with leave to amend the substantive deficiencies." Id. The district court concluded that Bryant "could be read as endorsing an expanded view of allowing amendments, but solely where the `failure to comply with the rule is more a matter of form than substance.'" Id. (quoting Bryant, 901 So.2d at 819). On the other hand, in Keevis the Second District acknowledged that "the facts surrounding the holding in Bryant may be read to indicate that when any postconviction motion fails to meet the pleading requirements of the rule itself, the proper procedure is to strike the motion with leave to amend." Keevis, 908 So.2d at 553.
We do not agree with the Fourth District that in permitting amendment of deficient pleadings, Bryant distinguished between form and substance. Indeed, at the initial pleading stage, which involves allegations  not proof  the two can be difficult to distinguish. It is true that in Bryant the defendant failed to attach the judgment and sentence; but according to the State's motion, he also failed to "plead his claims separately, detailing the facts," 901 So.2d at 817, an arguably substantive deficiency similar to Spera's failure to plead the required facts of his ineffective assistance claim. See Spera, 923 So.2d at 544 (noting that Spera "failed to identify any of the witnesses or describe what testimony would support his defense, or to confirm that the witnesses were available to testify at the time of trial"). Therefore, contrary to the Fourth District's interpretation, in Bryant both the trial court and this Court, in concluding that the amended motion was facially insufficient, reviewed the motion as amended substantively (detailing the facts supporting the claims) as well as to form (failing to attach the judgment and sentence). Yet we approved the trial court's striking Bryant's original motion as legally insufficient; approved the trial court's permitting Bryant to amend the motion; and approved the court's finding that the amended motion was insufficient (the alternative ruling to dismissing for lack of jurisdiction). What we disapproved was the court's failure, when striking the original motion, to grant leave to amend at that time so that the amended *761 motion would relate back to the date of the original. In that regard, we held that
when a defendant's initial postconviction motion fails to comply with the requirements of rule 3.851, the proper procedure is to strike the motion with leave to amend within a reasonable period. Normally that will be between ten and thirty days, although special circumstances may dictate an extension greater than thirty days. The striking of further amendments is subject to an abuse of discretion standard that depends on the circumstances of each case.
901 So.2d at 819. We now explain why such a procedure should apply to all postconviction motions.

D. Applying Bryant to Motions Filed Under Rule 3.850
The tension between Spera and Keevis over the breadth of our decisions in Nelson and Bryant comes down to the question of which pleading deficiencies should be worthy of amendment and whether there is "a need for uniformity in the procedure for addressing pro se, facially insufficient claims of ineffective assistance of counsel." Keevis, 908 So.2d at at 554. As we explained previously, in some circumstances defendants already are permitted to remedy deficiencies by filing timely amended motions or successive motions. Then, in Bryant, we held that "due process demands" that defendants sentenced to death be given a reasonable opportunity to amend a legally insufficient postconviction motion. Bryant, 901 So.2d at 819. As we noted previously, however, a gap in rule 3.850 remains, so that defendants whose initial postconviction claims are dismissed after the deadline expires currently cannot file either an amended motion or a successive one. We conclude that we should close that gap and allow all defendants an opportunity to amend facially insufficient postconviction claims.
The reasoning in Bryant, based on due process concerns, logically extends to other postconviction claims. In Bryant, we noted that "[i]n a civil context, striking pleadings and dismissing with prejudice are considered severe sanctions that require a strong justification," 901 So.2d at 817, and that "dismissing a [civil] complaint without granting at least one opportunity to amend is considered an abuse of discretion unless the complaint is not amendable." Id. at 818 (citing cases). That same logic applies not only to postconviction claims of prisoners sentenced to death, which was the narrow issue in Bryant, but to all criminal defendants.
Nor do we think we can draw even a fuzzy line between "technical" omissions, worthy of amendment, and other omissions not so worthy. Such vague distinctions will only produce more litigation and further delay proceedings while appeals are taken to define the rule's parameters.
Accordingly, when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. As we did in Bryant, we hold that the proper procedure is to strike the motion with leave to amend within a reasonable period. We do not envision that window of opportunity would exceed thirty days and may be less. The striking of further amendments is subject to an abuse of discretion standard that depends on the circumstances of each case. As we did in Bryant, we stress here, too, that "we do not intend to authorize `shell motions'  those that contain sparse facts and argument and are filed merely to comply with the deadlines, with the intent of filing an amended, more substantive, motion at a later date." Bryant, 901 So.2d at 819.
*762 We also stress that our decision is limited to motions deemed facially insufficient to support relief  that is, claims that fail to contain required allegations. When trial courts deny relief because the record conclusively refutes the allegations, they need not permit the amendment of pleadings.
Finally, we warn that our decision today permits defendants to amend defective pleadings only if they can be amended in good faith. It is not an invitation to frivolous pleading. Our concern in Nelson was that defendants not be denied postconviction relief simply because of a pleading defect "if that pleading defect could be remedied by a good faith amendment to the motion." 875 So.2d at 583 (emphasis added). We did not invite frivolous amendments, and we did not recede from, or create an exception to, previous cases warning against frivolous pleading. See State v. Spencer, 751 So.2d 47, 48 (Fla. 1999) ("However, any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims."); accord Wallace v. State, 931 So.2d 173, 174 (Fla. 5th DCA 2006) (affirming the denial of a "frivolous" pro se postconviction motion and prohibiting the defendant from filing further pro se pleadings). Not only are such postconviction motions subject to sanctions; they also may result in disciplinary action. See §§ 944.279(1), .28, Fla. Stat. (2006).[3] Further, rules 3.850 and 3.851 require that defendants file these postconviction motions under oath and penalty of perjury that all the facts alleged are true. See Fla. R.Crim. P. 3.850(c), 3.851(e); see also Fla. R.Crim. P. 3.987 (providing a form for motions and warning that "[a]ny false statement of a material fact may serve as the basis for prosecution and conviction for perjury"); Stevens v. State, 947 So.2d 1227, 1228 (Fla. 2d DCA 2007) ("The purpose of the oath is to prevent false factual allegations by subjecting the movant to prosecution for perjury if the factual allegations in the motion prove to be false."). Neither Nelson nor Bryant condones making factual allegations simply to comply with pleading requirements when the defendant knows the alleged facts are untrue. Accordingly, our decision is designed to allow amendments where the defendant can, in good faith, correct the deficiency.

III. CONCLUSION
In accordance with our holding today, we quash the Fourth District's decision and remand with directions that the trial court be ordered to permit petitioner to file an amended pleading, if indeed he can do so in good faith.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and BELL, JJ., concur.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[2] Postconviction motions may also be filed under Florida Rule of Criminal Procedure 3.800, but such motions address facial defects in the sentence imposed. They do not address ineffective assistance of counsel.
[3] Under these statutes, a court "shall" certify to the Department of Corrections that a prisoner's collateral motion is frivolous or that the defendant "knowingly or with reckless disregard for the truth brought false information or evidence before the court," which may result in the prisoner's forfeiture of gain-time. See, e.g., Rivera v. State, 943 So.2d 973, 974 (Fla. 5th DCA 2006) (certifying a statutory finding regarding a petition for belated appeal to the Department and stating, "We have not suffered dishonesty lightly in the past and we will not relax our intolerance now"); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005) (finding a postconviction motion frivolous and certifying the finding to the Department "for consideration of disciplinary procedures").