982 So.2d 1232 (2008)
Wilner PIERRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-926.
District Court of Appeal of Florida, Fourth District.
May 28, 2008.
*1233 Wilner Pierre, Moore Haven, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Wilner Pierre appeals a trial court order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's summary denial of claim three without further discussion.
However, we reverse and remand the trial court's summary denial of Pierre's claims one and two for reasons which follow.
In claim one, Pierre alleged that his plea was involuntary because he believed he would receive seven years in prison, as that was stated on his written plea and waiver of rights form, and because his counsel erroneously advised him that he would be entitled to gain time. We agree with the state's response that the plea colloquy, attached to the state's response which the trial court incorporated into its order of denial, does refute the first part of the claim. The record shows Pierre did understand he could be sentenced up to thirty years in prison. However, nothing in the record attachments refutes the other portion of Pierre's claim as to erroneous advice of counsel that he was eligible for gain time.
There is a problem with this claim, though, which the state's response, filed below, correctly pointed out. Pierre did not allege that he would have gone to trial but for the deficiency of counsel. This is a fatal pleading flaw. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Since this appeal was in the pipeline when Spera v. State, 971 So.2d 754 (Fla. 2007) was decided, it applies here. Worlo v. State, 976 So.2d 1165 (Fla. 5th DCA 2008). This means that the trial court should have denied relief without prejudice to Pierre's right to re-apply for relief on this latter claim. Accordingly, we reverse and remand for further proceedings on this portion of claim one.
As for claim two, the state's response filed in this court has conceded the need to remand for an evidentiary hearing or record attachments refuting Pierre's claim of ineffective assistance of counsel for failure to advise him that he could preserve his right to appeal the denial of his motion to suppress.
Therefore, we affirm part of claim one and reverse and remand the portion dealing with representations on gain time entitlement, for the trial court to permit Pierre to file an amended pleading if he can do so in good faith. We reverse and remand for an evidentiary hearing or record attachments refuting claim two, and we affirm the summary denial of claim three.
STONE, WARNER and MAY, JJ., concur.