993 So.2d 1135 (2008)
Ronald HELMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-555.
District Court of Appeal of Florida, Fifth District.
October 31, 2008.
William Mallory Kent, of Law Office of William Mallory Kent, Jacksonville, for Appellant.
*1136 Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Ronald Helms ["Helms"] appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief in which he raised six claims of ineffective assistance of counsel.
Helms was found guilty by a jury of committing the crimes of sexual battery, lewd or lascivious exhibition, and lewd or lascivious conduct. He was sentenced to life imprisonment on the sexual battery charge and fifteen years on each of the two remaining counts, all running concurrent to each charge. He was also declared a sexual predator pursuant to section 775.21, Florida Statutes (2002). This Court per curiam affirmed his direct appeal. See Helms v. State, 871 So.2d 246 (Fla. 5th DCA 2004).
After Helms filed his 3.850 motion for post-conviction relief, the trial court summarily denied grounds two, three and five as insufficiently pled. Ground six was also denied on the basis that any newly discovered evidence could not have changed the outcome of the trial. The State was ordered to respond to grounds one and four.
After grounds two, three and five were denied as insufficiently pled, Helms filed a motion requesting to amend the claims or, alternatively, seeking a rehearing. Relying on the Fourth District's Spera v. State, 923 So.2d 543 (Fla. 4th DCA 2006), the trial court denied the motion. Subsequently, however, the Supreme Court of Florida issued Spera v. State, 971 So.2d 754 (Fla.2007). Under that decision, it was error for the trial court to refuse Helms leave to amend these claims.
As to the remaining two claims, we affirm. We agree with the trial court that it was not ineffective assistance for trial counsel to fail to file a motion to suppress and that Helms was not shown to be prejudiced by the failure to secure his presence during the third jury communication.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
PALMER, C.J., GRIFFIN, J., and LAUTEN, F., Associate Judge, concur.