PER CURIAM.
Linus G. Farr appeals an order summarily denying a multitude of requests for relief pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850, a petition for writ of habeas corpus, and a request for bail pending appeal, all of which the *1105 trial court referred to as a motion for mitigation and/or reduction of sentence and/or appeal bond. As the habeas petition raises issues which should have been raised in a rule 3.850 motion but does not contain the formal contents required by rule 3.850(c), and no basis for habeas corpus relief has been demonstrated, the appeal is being considered solely pursuant to rule 3.800(a). We affirm, without prejudice to appellant raising, in a proper rule 3.850 motion containing the contents required by rule 3.850(c), his ineffective assistance of counsel claims and any claim that, when he waived his jail credit, he did not waive also his “residential treatment” credit pursuant to section 316.193(6)(k), Florida Statutes. See Spera v. State, 971 So.2d 754, 755 (Fla.2007) (“[I]n dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in fading to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected”).
Likewise, appellant’s brief raises claims of illegal sentence[1] that the summary record provided to this court does not indicate he raised below. Those grounds are denied without prejudice to raising them before the trial court.
WARNER, STEVENSON and TAYLOR, JJ., concur.

. These include appellant's claim that because he is to be released from the treatment imposed as a condition of his current probation when all parties agree, the state may require him to remain in the treatment facility indefinitely; that the trial court did not credit him with time previously spent on probation prior to the revocation of probation when imposing a new term of probation; and that errors were made on his scoresheet.