VILLANTI, Judge.
Todd Carl Queen appeals the summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Pursuant to Spera v. State, 971 So.2d 754, 761 (Fla.2007), we remand and direct the postconviction court to allow Queen thirty days to amend his facially insufficient claim, if he can do so in good faith.
Queen was convicted of attempted second-degree murder with a firearm and home invasion robbery with a firearm. On November 22, 2004, he was sentenced to forty years in prison on each count, to run concurrently. He appealed his judgment and sentence, which this court affirmed on February 24, 2006. Mandate issued on March 17, 2006.
On March 14, 2008, Queen filed a motion for postconviction relief alleging:
[Tjrial counsel was ineffective for verbally abusing him when he disagreed with counsel[’]s lack of strategy and decision making concerning their choosing not to present any evidence, or call any witnesses on defendant[’]s behalf during trial. Defendant states that into the beginning of his trial he voiced his concerns as to the way counsel was handling his case. At that time he was taken to a conference room where defense counsels ... spoke to the defendant in an abusive tone, saying, “Your [sic] really pissing me off!, [sic] We make the decisions, not you!” Then [counsel] began yelling at the defendant, saying, “You need to shut your damn mouth, we know what our job is, you don’t, so shut your f**ing mouth, take your a** back into that courtroom and look happy!” The defendant states that he was forced to go back into the courtroom and proceed with trial.
On March 21, 2008, the postconviction court summarily denied Queen’s motion, finding that he had failed to establish prejudice as required by Strickland v. Washington[1] because he had failed to establish that the above communications so undermined the trial process so as to make the end result unreliable. This appeal followed.
We find no error in the postconviction court’s summary denial of Queen’s motion because it was facially insufficient. However, based on Spera, the postconviction court should have given Queen an opportunity to correct the facially deficient postconviction claim. 971 So.2d at 761 (holding that “when a defendant’s initial rule 3.850 motion for postconviction relief *370 is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion” within a reasonable period not to exceed thirty days). Because the postconviction court did not give Queen an opportunity to correct the facially deficient claim, we remand with directions that the postconviction court issue an order allowing Queen the opportunity to file an amended, facially sufficient motion for postconviction relief within thirty days, if he can do so in good faith.[2] If Queen files an amended motion, the post-conviction court may again summarily deny the motion if it is once again facially insufficient or if the court attaches portions of the record conclusively refuting his allegations.
Remanded with directions.
NORTHCUTT, C.J., and KELLY, J., Concur.

. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. The record on appeal did not include any portion of the proceedings below, and the postconviction court did not attach any documents to its order. Therefore, we do not make any finding regarding whether Queen, in good faith, will be able to articulate factual and legal assertions entitling him to postcon-viction relief if he files an amended motion, only that, under Spera, he is entitled to "at least one opportunity to amend the motion.” Spera, 971 So.2d at 761.