PER CURIAM.
Markey Cruse appeals the trial court’s order summarily denying his motion for postconviction relief under Florida Rule of *1269 Criminal Procedure 3.850. The trial court improperly dismissed ground six of the appellant’s ineffective assistance of counsel claims as facially insufficient without giving him leave to amend as required by Spera v. State, 971 So.2d 754 (Fla.2007). Accordingly, we reverse and remand.
The appellant filed his postconviction motion and motion for rehearing before Spera was issued. In Spera, the Florida Supreme Court held that when a trial court summarily denies a defendant’s rule 3.850 motion as facially insufficient, it must also give the defendant an opportunity to amend his motion. Id. at 762. In Gilmore v. State, 989 So.2d 714, 715 (Fla. 1st DCA 2008), the trial court denied the appellant’s motion as facially insufficient without giving him an opportunity to amend his motion as Spera had yet to be issued. On appeal, this Court held that the appellant was entitled to amend his postconviction motion in accordance with Spera even though Spera had not been issued when the lower court reviewed the motion. Id. This Court, therefore, reversed and remanded for the trial court to allow the appellant leave to amend his motion in accordance with Spera. Id.
Similarly, in the instant case, the appellant filed his postconviction motion and motion for rehearing before Spera was decided. The trial court summarily denied ground six of the appellant’s ineffective assistance of counsel claims as facially insufficient. As such, the appellant is entitled to the benefit of Spera.
REVERSED and REMANDED to the trial court pursuant to the requirements of Spera.
WOLF, LEWIS, and ROBERTS, JJ., concur.