PER CURIAM.
 

 The appellant seeks review of the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The appellant’s second claim alleges that counsel was ineffective for failing to invoke the rule of completeness and object to the admissibility of only a portion of the taped phone conversations between the appellant and the victim. The postcon-viction court failed to specify the exact reason for denying the appellant’s claim. To the extent that the appellant’s motion is conclusory and facially insufficient, the appellant must be given the opportunity to amend his claim within a reasonable period of time.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007). To the extent the appellant’s motion was denied on the merits, the record does not refute the appellant’s claims that counsel was ineffective for failing to invoke the rule of completeness.
 

 Accordingly, we reverse and remand for the trial court to either attach record evidence refuting the appellant’s claim, dismiss the claim without prejudice for the appellant to amend, or hold an evidentiary hearing.
 

 AFFIRMED in part, and REVERSED and REMANDED, in part.
 

 WOLF, PADOVANO, and THOMAS, JJ., concur.