PER CURIAM.
 

 Abelardo Escarpita appeals the summary denial of a rule 3.850 motion. He raises only one of his post-conviction claims on appeal. Although not sufficiently pleaded below, Escarpita elaborated on his claim in his initial brief. He essentially alleges that he would have accepted the state’s seven-year plea offer if counsel had not misled him into believing that he could be deported to Mexico if he entered the
 
 *1024
 
 plea. This advice was incorrect because Escarpita is a naturalized citizen. Escar-pita alleges that he has limited understanding of English, and counsel did not use an interpreter when they discussed the plea offer before appearing in court. Contrary to the state’s argument, nothing in the record shows that defense counsel used an interpreter when they discussed the plea offer before the hearing, and nothing in the record shows that deportation was not discussed. In addition, the record does not conclusively show that Es-carpita would not have accepted the plea offer regardless of the alleged misadvice.
 

 Accordingly, the circuit court’s order is reversed. On remand, the court shall provide Escarpita an opportunity to amend this claim pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (FIa.2007). Appellant is reminded, that if he makes any false allegations in his amended motion, he could be subject to disciplinary procedures in prison, he could be prosecuted for perjury, or he could be punished for contempt of court.
 
 Oquendo v. State,
 
 2 So.3d 1001 (Fla. 4th DCA 2008).
 

 Reversed and Remanded.
 

 POLEN, DAMOORGIAN and CIKLIN, JJ., concur.