VILLANTI, Judge.
 

 Daniel Brian Emmert appeals the summary denial of three of the claims he raised in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of claims one and seven without further discussion. As to claim 8(b), however, we reverse and remand with instructions to the postconviction court to give Emmert an opportunity to amend this claim if he can do so in good faith.
 

 Emmert was convicted of armed burglary, arson, and burning to defraud in connection with a fire that occurred at his place of employment. In claim 8(b) of his motion for postconviction relief, Emmert asserted that his trial counsel provided ineffective assistance by failing to properly investigate alleged inconsistencies in the various pretrial statements given by State’s witness Patsy Storey. Emmert alleged that this failure resulted in trial counsel being unable to effectively cross-examine Storey during trial concerning these alleged inconsistencies. However, Emmert’s motion failed to identify any of the alleged inconsistencies at issue.
 

 The postconviction court ordered the State to respond to this claim. In its response, the State contended that the claim was facially insufficient because it did not identify the inconsistencies that trial counsel allegedly failed to investigate. After considering the State’s response, the postconviction court denied claim 8(b) as facially insufficient without providing Em-mert with an opportunity to amend the claim.
 

 In this appeal, Emmert contends that he should have been given leave to amend
 
 *304
 
 claim 8(b) pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 
 Spera
 
 holds that a postconviction court abuses its discretion if it fails to permit a defendant at least one opportunity to amend a facially insufficient claim in a motion for postconviction relief.
 
 Id.
 
 at 761. Here, the postconviction court found that claim 8(b) was facially insufficient because it did not identify the inconsistencies about which Emmert was complaining. Having made this finding, the postconviction court should have stricken this claim with leave to amend pursuant to
 
 Spera.
 
 Instead, it summarily denied the claim, which was an abuse of discretion. Therefore, on this single claim, we reverse and remand for the postconviction court to strike this claim and give Emmert leave to amend it, if he can do so in good faith, for a period not to exceed thirty days.
 
 Id.
 
 at 761-62.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 SILBERMAN, C.J., and CASANUEVA, J., Concur.