PER CURIAM.
Almost eight years after a jury convicted appellant for carjacking, he now alleges that at some unspecified time he met another prisoner who happened to be in the area where the offense occurred in January 2002 and who remembered the incident. The prisoner witness alleges that the victim gave appellant her car and assumes that she did so in order for appellant to go into a dangerous neighborhood to buy her drugs.
Appellant filed this, his third Rule 3.850 motion, alleging newly discovered evidence and attaching an affidavit from the prisoner. Fla. R.Crim. P. 3.850(b)(1). The State’s response argued that the motion should be denied without prejudice because it did not allege when appellant learned the information and failed to establish that, with due diligence, the claim could not have been discovered and raised in a timely motion.
The court denied the motion pursuant to the State’s response. Appellant moved for rehearing arguing that he should be grant *371 ed an opportunity to amend pursuant to Spera v. State, 971 So.2d 754 (Fla.2007). The court denied rehearing. On appeal, appellant argues that the court erred in denying his motion without providing an opportunity to amend.
We conclude that the trial court denied the motion pursuant to the State’s response and without prejudice for appellant to refíle a sufficient motion. Within sixty (60) days of this opinion becoming final, appellant may file an amended motion in the circuit court raising this claim. Post-conviction movants and witnesses are again cautioned that bringing false information before the court may be punished by contempt proceedings, a perjury prosecution, or prison disciplinary action. Oquendo v. State, 2 So.3d 1001, 1006-07 (Fla. 4th DCA 2008).

Affirmed without prejudice to refile.

GROSS, DAMOORGIAN and CONNER, JJ., concur.