ALTENBERND, Judge.
 

 Guy Petramale appeals the order denying his motions for postconviction relief. Mr. Petramale filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising eighteen claims. After the circuit court appointed counsel to represent Mr. Petramale at an evidentiary hearing, his counsel filed additional claims. We affirm the court’s denial of all claims except for claim three and a portion of claim nine, both of which were summarily denied. Because the records attached to the postconviction orders do not conclusively refute these two postcon-viction claims, we reverse the denial of relief of these claims and remand for further proceedings.
 

 A jury convicted Mr. Petramale of scheming to defraud ($50,000 or more)
 
 [1]
 
 for events occurring between January 2001 and February 2004. The trial court sentenced him to thirty months’ imprisonment, followed by ten years’ probation. This court affirmed his direct appeal in 2007.
 
 Petramale v. State,
 
 961 So.2d 947 (Fla. 2d DCA 2007) (table decision).
 

 In February 2008, Mr. Petramale filed his initial pro se motion seeking postcon-viction relief pursuant to rule 3.850.
 
 [2]
 
 Judge DeFuria was assigned to handle the motion. He wrote to Mr. Petramale, disclosing that he knew the family of one of the owners of the victimized businesses and offering to recuse himself. His offer did not contain a specific date by which Mr. Petramale needed to ask him to re-cuse himself. After waiting several weeks, Judge DeFuria entered an order summarily denying many of the claims. This order and Mr. Petramale’s letter asking Judge DeFuria to recuse himself probably passed one another in the mail.
 

 After Judge DeFuria received Mr. Pe-tramale’s letter, he recused himself, but he did not rescind his earlier order. Much has been made of this circumstance on appeal. Although the matter undoubtedly could have been handled differently in the circuit court, the issues resolved by Judge DeFuria were purely legal and have been reviewed de novo by this court. One of the claims that we reverse emanates from Judge DeFuria’s order. We find no harmful error in the other rulings made by Judge DeFuria.
 

 In claim three, Mr. Petramale alleges that trial counsel was ineffective because he failed to exercise a peremptory strike of a juror whose husband worked for the victim. The circuit court summari
 
 *164
 
 ly denied relief on this claim without leave to amend. It concluded that the seating chart in the record showed that this juror was an alternate and that Mr. Petramale had not alleged that this juror actually participated in deliberations. We cannot conclude that the seating chart by itself conclusively refutes Mr. Petramale’s claim. At a minimum, Mr. Petramale should have been allowed an opportunity to amend this claim.
 
 See Spera v. State,
 
 971 So.2d 754, 757 (Fla.2007). The State argues that this summary denial could be affirmed on alternative theories, but those theories are not fully supported by our limited record. We conclude that this claim must be remanded for further proceedings.
 

 In claim nine, Mr. Petramale alleged that trial counsel was ineffective because he failed to object when the prosecutor committed misconduct during the trial. This claim was refined in a second amended motion. For purposes of this appeal, we focus on the claim that his attorney did not object when the prosecutor called Mr. Petramale’s defense “ridiculous.”
 

 Although this claim was denied after an evidentiary hearing, procedurally it is a summary denial. The circuit court concluded that this comment was an isolated comment that did not deprive Mr. Petra-male of a fair trial and would not have resulted in a mistrial if a motion had been made. Unfortunately, the circuit court’s order contains no attachments to support its reasons for denying this claim. Thus, we reverse the circuit-court’s ruling on this ground and remand for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 KELLY and LaROSE, JJ., Concur.
 

 [1]
 

 . § 817.034(4)(a)(l), Fla. Stat. (2003).
 

 [2]
 

 . There are multiple postconviction motions and filings in this proceeding. Several of these raised additional postconviction claims or otherwise amended some of the claims in Mr. Petramale's initial pro se motion for post-conviction relief. They add complexity to the case, but we do not need to describe them in detail to resolve this appeal.