PER CURIAM.
Appellant seeks review of the trial court’s order dismissing with prejudice his untimely, successive motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He contends that, pursuant to Spera v. State, 971 So.2d 754 (Fla.2007), the trial court was required to give him an opportunity to correct the “pleading deficiency” in his motion and allow him to plead an exception to the time limit for seeking, postconviction relief. We find no merit in this argument because Spera only requires a trial court to accept an untimely amended motion when an initial, timely rule 3.850 motion is dismissed after the two-year filing deadline has expired. Id. at 761 (explaining that the court was closing a “gap” in rule 3.850 that precluded defendants whose initial post-conviction motions were dismissed after the deadline from filing an amended or successive motion, and holding that “when a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion”) (emphasis added).
Here, it is undisputed that Appellant’s initial rule 3.850 motion .was denied on the merits (and affirmed on appeal) and that *114 his current motion was filed more than two years after his judgment and sentence became final. Because Spera has no application in these circumstances, the trial court properly dismissed Appellant’s motion with prejudice. Accordingly, we affirm.
AFFIRMED.
WETHERELL, ROWE, and MARSTILLER, JJ., concur.