# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-29
Lower Tribunal No. 9-4484
_____

**Clarence Moore,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler-Mendez, Judge.

Clarence Moore, in proper person.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Appellant Clarence Moore appeals the trial court's order denying Moore's motion seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the trial court to issue a non-final order that would allow Moore the opportunity to file an amended motion.

In his timely motion, Moore raised four grounds challenging his conviction and thirty-year sentence for attempted second-degree murder. All four grounds were based on the alleged ineffectiveness of his trial counsel. The trial court order denying Moore's motion specifically granted Moore leave to file an amendment with regard to two of the grounds alleged pursuant to Spera v. State, 971 So. 2d 754 (Fla. 2007). The trial court's order appeared final as to the third ground, while the fourth ground was based on the alleged cumulative effect of the other three grounds.

Pursuant to Florida Rule of Criminal Procedure 3.850(f)(2), the trial court should have issued a non-final order striking grounds one and two of the motion with leave to amend within the prescribed sixty days. See Lawrence v. State, 987 So. 2d 157 (Fla. 2d DCA 2008) (holding that the purpose of issuing a non-final order with leave to amend is to limit post-conviction claims to a single proceeding, resulting in a single final order on the merits).

Accordingly, we reverse the order on appeal and remand for the entry of such an order, granting Moore sixty days with which to amend grounds one and two of the motion. If Moore does not timely amend his motion, the trial court may then enter a final order that is a disposition on the merits of all of Moore's claims. If Moore files an amended motion, the trial court should consider the amendment and proceed accordingly, and thereafter render a single, final, appealable order.

Reversed and remanded.