CANADY, Judge.
Barry G. Colbert appeals the postconviction court’s order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.850. We affirm without comment the posteonviction court’s denial of the second portion of claim one, the first portion of claim two, the second portion of claim three, the first portion of claim nine, and claims four, five, six, seven, eight, and ten.
In the first portion of claim one, Colbert asserted that counsel was ineffective for failing to file pretrial motions. This claim contains vague allegations concerning the purported need for trial counsel to have Colbert evaluated regarding his inability to recall events of the charged incident.
In the second portion of claim two and again in the first portion of claim three, Colbert alleged that trial counsel was ineffective by filing a motion to continue but failing to follow up on it. More specifically, Colbert alleged that there was no record evidence that a hearing was held on the motion to continue or that the trial court ever ruled on it and, thus, that trial counsel provided deficient performance by failing to adequately prepare for trial and by taking Colbert “out of the loop in managing the defense strategy.” Notably, Colbert failed to allege how he was prejudiced.
In the second portion of claim nine, Colbert alleged that trial counsel’s performance was deficient because there was no defense strategy and because counsel permitted misrepresentations to be entered into the record. Yet, Colbert again failed to allege how he was prejudiced or what actions counsel should have taken.
The postconviction court summarily denied the first portion of claim one as facially insufficient but did not specifically address the second portion of claim two, the first portion of claim three, or the second portion of claim nine. We agree that the first portion of claim one was facially insufficient; we likewise conclude that the claims made in the second portion of claim two, the first portion of claim three, and the second portion of claim nine are facially insufficient.
In summarily denying the first portion of claim one, the postconviction court was without the benefit of Spera v. State, 971 So.2d 754 (Fla.2007), in which the Florida Supreme Court held that “in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected.” Id. *680 at 755; see also Bryant v. State, 901 So.2d 810, 819 (Fla.2005) (“[D]ue process demands that some reasonable opportunity be given to defendants who make good faith efforts to file their claims in a timely manner and whose failure to comply with the rule is more a matter of form than substance.”).
Nothing in the record before this court demonstrates that Mr. Colbert could not correct the deficiencies in pleading if given the opportunity to amend the facially insufficient claims. Thus, in accordance with Spera, we reverse the postconviction court’s denial of the first portion of claim one, the second portion of claim two, the first portion of claim three, and the second portion of claim nine.
Affirmed in part; reversed in part; and remanded.
LaROSE, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.