985 So.2d 1183 (2008)
Dennis BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-825.
District Court of Appeal of Florida, Fifth District.
July 3, 2008.
*1184 Dennis J. Burke, Clermont, pro se.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Dennis Burke appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to allow Mr. Burke an opportunity to amend his motion pursuant to Spera v. State, 971 So.2d 754, 760 (Fla.2007).
Burke was charged and convicted, after a jury trial, of possession of a firearm by a convicted felon. He alleges *1185 that his decision to reject the plea offer was not knowing, informed, and voluntary because of his counsel's inadequate pretrial preparation and failure to fully inform him about the trial strategy, coupled with assurances of a win at trial.
The court attached two pages to its order denying relief. The first page demonstrated the terms of the State's plea offer, the maximum penalty for the offense and Burke's rejection of the offer. It does not, however, refute the reason for Burke's rejection of the offer, nor does it show that he made the decision to go to trial "knowingly and voluntarily." The trial court's denial, therefore, is not supported by the attachment of this document, as rule 3.850(d) requires.
The second page included his sister's trial testimony that the police directed Burke, using a bullhorn, to exit the home with the weapon. The court rejected Burke's contention that his trial counsel should have introduced his neighbors' corroborating testimony and discovered whether an audiotape existed of Officer Lang's interview with him, which allegedly would have refuted Burke's statement to the officer that he was coming out with his rifle. The court also rejected, as cumulative, the allegation concerning the neighbors' testimony and concluded that Burke did not demonstrate what testimony would have been elicited from the officer who ordered him out of the home by bullhorn or how its absence prejudiced his case. However, had his trial counsel discovered this evidence, it would have assisted Burke in making an informed decision whether to go to trial. Nonetheless, Burke's allegations are so vague that we do not find the trial court's denial to be erroneous.
Burke does not allege deficiency of counsel during the course of the trial, nor does he allege counsel failed to discuss the plea offer with him. He complains that counsel failed to inform him as to "the State's burden to prove ... possession of the firearm, [and that] there was no way to win this case." In essence, Burke claims that he would have entered a plea if he knew the State could prove its case. If that constituted ineffective assistance of counsel, no conviction could ever withstand postconviction scrutiny. He did, however, identify the prospective witnesses, to the extent that he could, and described the exculpatory testimony he believed the witnesses could offer. If the officer who ordered Burke out of the home by bullhorn could provide information that would cast doubt on Burke's guilt, his counsel's failure to discover the officer's identity and interview him may demonstrate prejudice. Such testimony would show that Burke's claim was facially insufficient, rather than legally insufficient, as the trial court concluded. Accordingly, under Spera, 971 So.2d 754, Burke is entitled to an opportunity to amend his postconviction motion to state a facially sufficient claim.
AFFIRMED without prejudice to allow the petitioner the opportunity to amend the postconviction motion to state a legally sufficient claim.
ORFINGER and EVANDER, JJ., concur.