987 So.2d 149 (2008)
Equan JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5390.
District Court of Appeal of Florida, Second District.
July 11, 2008.
Equan Jones, pro se.
Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Equan Jones appeals the denial of his motion for postconviction relief filed pursuant *150 to Florida Rule of Criminal Procedure 3.850. We affirm in part and, based upon Spera v. State, 971 So.2d 754 (Fla.2007), we reverse in part.
Pursuant to an agreement with the State, Mr. Jones pleaded guilty to the following charges: robbery, vehicular homicide, leaving the scene of an accident with death, and possession of cocaine. The trial court imposed the sentence in accord with the plea agreement. Mr. Jones did not directly appeal his judgment and sentences but filed a motion for postconviction relief asserting six instances of ineffective assistance of counsel. The postconviction court properly denied grounds one and two on their merits and ground six as successive and repetitious of previously offered grounds. However, the postconviction court incorrectly denied claims three, four, and five as facially insufficient without providing Mr. Jones leave to amend his motion.
In Spera, the supreme court held that "when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion." Id. at 761. The supreme court determined that when faced with a facially insufficient motion, the postconviction court should strike the motion with leave to amend within a reasonable period. The court suggested thirty days, if not less, might be a reasonable period to allow a defendant to file an amended motion. Id. Consequently, the postconviction court should have struck Mr. Jones's motion as to grounds three, four, and five, with leave to amend within a reasonable time.
Accordingly, we affirm as to grounds one, two, and six, reverse as to grounds three, four, and five, and remand so that the postconviction court may follow the dictates of Spera.
NORTHCUTT, C.J., and KELLY, J., Concur.