985 So.2d 1242 (2008)
Joshua Alan DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3021.
District Court of Appeal of Florida, Second District.
July 23, 2008.
Joshua Alan Davis, pro se.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Joshua Alan Davis appeals the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Davis raised ten separate claims in his motion. We affirm without comment the postconviction court's denial of claims one, two, four, and five through ten. We reverse the denial of claim three in light of the Florida Supreme Court's recent decision in Spera v. State, 971 So.2d 754 (Fla.2007).
Davis was convicted after a jury trial of first-degree murder and kidnapping. The trial court sentenced Davis to life in prison for the murder conviction and eight years' incarceration for the kidnapping. Davis's convictions and sentences were affirmed by this court on appeal. Davis v. State, 755 So.2d 120 (Fla. 2d DCA 2000) (table decision). In claim three of his rule 3.850 *1243 motion, Davis asserted what the postconviction court believed was a claim that trial counsel was ineffective for failing to adequately argue for a judgment of acquittal on the first-degree felony murder charge. The court found this claim facially insufficient because Davis did not adequately allege what counsel "failed to do" or "should have done" in arguing for a judgment of acquittal. Davis attempted to provide additional details to clarify this claim in a motion for rehearing; however, the postconviction court refused to consider his argument finding that "to the extent [Davis] raises a `new' claim in ground three by amending the allegations he made in his original motion, this is not a proper argument to be made in a motion for rehearing." This was error.
In Spera, the supreme court held that "in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected." Id. at 755. Thus, in accordance with Spera, we reverse the postconviction court's denial of claim three and remand for the court to strike this claim from Davis's postconviction motion with leave to amend within a reasonable time.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and LaROSE, JJ., Concur.