TORPY, J.,
concurring in part and dissenting in part.
I agree with the majority that Appellant’s motion was disposed of on the merits. Therefore, his reliance upon Spera v. State, 971 So.2d 754 (Fla.2007), for the proposition that he should have been given leave to amend his motion is misplaced.
I disagree with the conclusion that Appellant abandoned all other issues by filing his pro se brief addressing only one point. As we observed in Webb, in appeals of this nature, Florida Rule of Appellate Procedure 9.141(b)(2)(C) expressly contemplates that briefs are unnecessary.[1] I cannot agree that the filing of a superfluous document should be deemed an implied abandonment of anything. Our panel decision in Austin erroneously based its conclusion on Marshall v. State, 854 So.2d 1235 (Fla.2003). In Marshall, the appellant challenged the denial of a rule 3.850 motion after an evidentiary hearing was conducted on some of the claims. Thus, the appeal did not proceed under rule 9.141(b)(2)(C), and an appellate brief in proper form was required to obtain review.
Although some of the “briefs” in these cases are well-done, most are prepared without legal help and are difficult to decipher. In many cases, it will be impossible to discern which issues are preserved and which have been “abandoned.” In these cases, although we have customarily accepted submissions that do not conform to rules of procedure and treated them as “briefs,” after today’s decision, perhaps the fair thing to do is to strike non-conforming submissions and proceed as if there is no brief.
EVANDER, J., concurs.

. Florida Rule of Appellate Procedure 9.141(b)(2)(C), pertaining to appeals from summary post conviction proceedings, states in pertinent part: "No briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal.”