SUAREZ, J.
 

 Manuel Lena appeals from the trial court’s summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on three (3) counts of Sexual Battery on a Child Less than Twelve, and two (2) counts of Lewd and Lascivious Molestation of a Child. We affirm on grounds two through seven, nine through eighteen, twenty, twenty-three, and twenty-five through twenty-nine. For the following reasons, we remand grounds eight and nineteen for proper record attachment, and reverse grounds twenty-one and twenty-two so that the defendant is afforded the opportunity to amend his motion.
 

 Lena raised twenty-nine (29) counts of ineffective assistance of counsel. The trial court denied all grounds. The trial court found grounds two through six, and twenty, were preserved for purposes of direct appeal and had already been appealed. Grounds seven through nine were preserved on the record, and they were the basis of the direct appeal, which had already been ruled on by this Court. Ground ten was preserved on the record and should have been raised on direct appeal. Grounds eleven and twelve failed to show how Lena was prejudiced and how the outcome of the case would have been different. Ground thirteen failed to demonstrate some basis of fact as well as prejudice in the outcome. Grounds fourteen through sixteen failed to show how Lena was prejudiced and how the outcome of the case would have been different. Ground seventeen was found to have no factual verity, and ground eighteen was preserved on the record and should have been argued on direct appeal.
 

 Ground nineteen was preserved on the record and should have been brought up on direct appeal. Ground twenty was litigated in an extensive pre-trial evidentiary hearing, and was already appealed to this Court. The trial court found the issues were preserved for purposes of direct appeal. Grounds twenty-one and twenty-two failed to provide a legal basis under which such testimony would be deemed admissible under the Florida Rules of Evidence.
 
 *788
 
 Ground twenty-three did not demonstrate any prejudice. Ground twenty-four was preserved and should have been brought up on appeal. Ground twenty-five was conclusively refuted by the record; therefore, Lena failed to state a basis for relief. Grounds twenty-six through twenty-nine failed to show how Lena was prejudiced and how the outcome of the case would have been different.
 

 We agree with the trial court’s assessment of the issues presented. Grounds eight and nineteen, however, are remanded to the trial court for proper record attachment. The State concedes that the proper record for ground eight should have been Ms. Rodriguez’s cross-examination at pages 259-60 of the record, and that the proper record for ground nineteen should have been Exhibit “J,” which contains Ms. Silverman’s testimony.
 

 We review grounds twenty-one and twenty-two under the abuse of discretion standard.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). The trial court held that Lena failed to provide a legal basis under which certain testimony would be deemed admissible under the Florida Rules of Evidence. It then found that Lena could not show how his counsel was ineffective based on the allegations in the motion. The Supreme Court of Florida, however, held “when a defendant’s initial rule 8.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.”
 
 Spera,
 
 971 So.2d at 761. This decision focused on facially insufficient motions.
 
 Id.
 
 at 762. The Court also found, however, that if a trial court denies relief because there is conclusive evidence in the record that refutes the allegations, the trial court does not have to permit amendments to the pleadings.
 
 Id.
 
 This was Lena’s first postconviction motion under Rule 3.850, and the record does not conclusively refute the allegations contained in grounds twenty-one and twenty-two. Pursuant to
 
 Spera,
 
 we find that the trial court abused its discretion in not striking the motion with leave to amend and reverse with instructions to allow Lena to do so only as to grounds twenty-one and twenty-two.
 

 Affirmed in part; reversed in part; and remanded for further proceedings.