# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-2390
Lower Tribunal No. 08-15692

————————————

**Reginald Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Reginald Johnson, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SHEPHERD, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

The defendant, Reginald Johnson, appeals the trial court's summary denial of his 3.850 motion for post-conviction relief. Out of the thirteen separate claims the defendant raises, we find only one to have merit. Accordingly, we reverse and remand only as to Claim 12 in the defendant's motion.

In Claim 12, the defendant contends his counsel was ineffective for failing to call three defense witnesses at trial. The trial court concluded that the defendant's motion "failed to state with particularity the names and addresses of the witnesses as well as the content of their anticipated testimony and the effects this testimony would have on the verdict."

However, a review of the motion indicates that the defendant did, in fact, state the names of the witnesses, allege they were available for trial, set forth the specific testimony they would have given, and state its impact on, and contradiction of, the state witnesses' testimony. If there was any insufficiency, it is only the failure to set forth the addresses of these three named witnesses. The trial court should have permitted the defendant an opportunity to amend to add this information. Spera v. State, 971 So. 2d 754 (Fla. 2007); Lena v. State, 22 So. 3d 786, 788 (Fla. 3d DCA 2009). There is nothing in the State's response to the defendant's motion, or attached to the trial court's order, that refutes the defendant's allegations in Claim 12. In addition, there is no finding that, if these

2

allegations were established, there is no reasonable probability of a different outcome.

Consequently, we affirm the trial court's order as to all claims, with the exception of Claim 12. With respect to Claim 12, we reverse and remand for further proceedings solely on that claim. In the event that the trial court determines that Claim 12 is insufficient on its face (for failing to include the addresses of the three named witnesses) it should, consistent with Florida Rule of Criminal Procedure 3.850 (f)(2), enter a nonfinal, nonappealable order allowing the defendant sixty (60) days to amend to set forth a legally sufficient claim.

Reversed and remanded with instructions.