PER CURIAM.
 

 Jamar Williams (defendant) appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm without discussion as to all grounds except Ground Nine. As to Ground Nine, in the which defendant alleges that his trial counsel’s performance was deficient by failing to have the defendant evaluated to determine whether he was competent to proceed with his violation of probation (VOP) hearing, we reverse.
 

 The trial court did not address Ground Nine in its order denying postconviction relief. However, it is clear from the face of the motion that Ground Nine is facially insufficient. In that regard, the motion states, in conclusory terms, that an evaluation would have shown that the defendant was mentally disabled and not stable to proceed with his VOP hearing. However, the motion does not describe the circumstances surrounding the defendant’s al
 
 *1198
 
 leged incompetency, such as whether he was able to understand the VOP charges against him or whether he was able to assist his attorney in preparing a defense to the VOP charges.
 
 See
 
 Fla. R.Crim. P. 3.210(a); 3.211. Though facially insufficient, upon remand, the trial court is required to grant the defendant leave to file an amendment to this claim.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 MONACO, C.J., PALMER and ORFINGER, JJ, concur.