CASANUEVA, Chief Judge.
 

 Peter Albert Cantone was accused of three counts of capital sexual battery on his four-year-old daughter. At the jury trial, the State presented no physical evidence of any sexual contact with the child. The child herself testified but denied, in contradiction to earlier statements, that any illegal acts had been committed. Most of the evidence the State presented to show Cantone’s guilt were the testimonies of the child abuse investigator and two law enforcement officers who interviewed the child and Cantone. At the close of the State’s case, when the trial court denied Cantone’s motion for judgment of acquittal, Cantone and the prosecutor reached an agreement for a plea to lesser charges of lewd and lascivious molestation in exchange for concurrent split sentences of seven years’ incarceration followed by thirteen years’ probation as a sex offender. No direct appeal was taken. Cantone now appeals from a summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
 

 Cantone filed his first postconviction motion pro se and alleged seven grounds for relief. He then was allowed to retain private counsel who moved to hold Cantone’s pro se motion in abeyance because counsel needed additional time to review the voluminous files and complexities of the case and prepare an amended postconviction motion. At the hearing on this motion, postconviction counsel requested that the pro se motion be held in abeyance for sixty days. The postconviction court orally granted an abeyance of sixty days but the written order imposed no time limitation. When retained counsel filed a “supplement” to the pro se motion nine days later, it contained two additional grounds, one of which contained three subparts. The post-conviction court ordered the State to respond to several of the nine claims after which it summarily denied relief on all grounds. We conclude the postconviction court properly denied relief summarily on grounds one, two, four, five, six, seven, eight (B)-(C), and nine. These grounds do not merit further discussion. We reverse the denial of relief on grounds three and eight (A).
 

 In ground three of his post-conviction motion, Cantone claimed that defense counsel was ineffective for not allowing him to testify to explain the circumstances surrounding his statements to the investigating officers that inculpated him for the illegal sexual contacts between him and his daughter. He alleged that the officers who interviewed him misinterpreted his oral col
 
 *814
 
 loquy with himself as admissions. He also claimed that counsel did not adequately explain the alternatives to pleading. The postconviction court determined that his statement to the court at the midtrial change of plea hearing — that he was satisfied with his counsel’s representation — precluded the first claim. The postconviction court further determined that his second claim — that counsel did not discuss the alternatives to pleading — was conclusory. We agree that the latter claim was framed in a conclusory manner. But as regards the first claim, we disagree that his statement at the change of plea hearing sufficiently warranted summary denial. In either case, the postconviction court should have dismissed ground three with leave to replead under
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). If Cantone timely repleads ground three, the postconviction court should evaluate its merits and only deny it summarily again if it is not factually and legally sufficient or is conclusively refuted by record attachments. Otherwise, Cantone is entitled to an evidentiary hearing on this ground.
 

 Reversal is also required for the denial of relief on ground eight (A) but not because it had or lacked merit. Ground eight (A) claimed that Cantone’s midtrial plea to lesser offenses in exchange for concurrent split sentences was involuntary because the trial court did not inform him at the time what the maximum sentences were for the offenses to which he was pleading or the consequences of violating the subsequent probation. The postcon-viction court ordered the State to respond.
 

 In its response, the State argued that although grounds one through seven were timely filed within the two-year limit of the rule, ground eight (A), filed by retained postconviction counsel, raised a wholly new claim from the previous pro se seven and was thus untimely because counsel filed it beyond the two-year limit. The State also maintained that counsel’s “motion to hold in abeyance” could not be considered a motion to extend the time for filing postconviction claims or for leave to file new but untimely claims. The post-conviction court agreed with the State and denied ground eight (A) as untimely filed. In this, the postconviction court erred.
 

 It was clear to all, especially after the court announced at the hearing on the motion that it would allow an abeyance of sixty days, that it was, in effect, granting an extension of time. The clear inference of the granting of the motion was to allow retained counsel the opportunity to not only amend the prior claims but to add new claims that a legally-trained advocate might recognize but a pro se defendant might not. We therefore reverse this part of the order and remand the case with instructions that the postconviction court consider ground eight (A) as timely filed.
 

 In summaiy, we affirm that part of the order denying postconviction relief on grounds one, two, four, five, six, seven, eight (B)-(C), and nine. We reverse the remaining part of the order that denied postconviction relief on grounds three and eight (A). We remand the ease for further proceedings in accordance with this opinion.
 

 WHATLEY and LaROSE, JJ., Concur.