PER CURIAM.
 

 Joseph Carruthers (Defendant) appeals an order summarily denying his rule 3.850 motion for postconviction relief, and the order denying his motion for rehearing. We reverse.
 

 Defendant entered a plea of nolo conten-dere and was sentenced to fifteen years and a day as a habitual felony offender (HFO), with a fifteen-year mandatory minimum as a prison releasee reoffender (PRR).
 

 In the instant motion for postconviction relief, Defendant raised the following four grounds for relief: (1) ineffective assistance of counsel for (a) failing to inform him that he would have to serve the fifteen-year PRR sentence day for day; (b) failing to advise him that he would be ineligible for gain-time on his PRR and HFO sentences; and (c) misadvising him that he would have to serve only eighty-five percent of his fifteen-year sentence; (2) involuntary plea, because there was no factual basis for it; (3) involuntary plea, because the trial judge failed to explain to him the nature of the charges against him; and (4) involuntary plea, because neither trial counsel nor the judge informed him of the fifteen-year mandatory minimum sentence he would have to serve as a PRR; the trial court never conducted a sufficient inquiry to determine whether he was able to comprehend the plea proposal. He asked to withdraw his plea and proceed to trial.
 

 With respect to the first and fourth grounds, while the state attached portions of the transcript to its response below which demonstrated that defense counsel informed the judge that he might have misadvised his client about the mandatory minimum, telling him that PRR meant he would have to do most of the time, and the trial court clarified that Defendant would have to serve the fifteen years day for day,
 
 *339
 
 nothing in the transcript excerpt which is attached to the response indicates that the trial court questioned Defendant to confirm that he understood this; at all times, the court appeared to address only the two attorneys. These grounds are not conclusively refuted; therefore, we reverse the summary denial of these two grounds and remand for further proceedings.
 

 We note that the portions of the transcript the state attached are not part of the plea colloquy but were conversations just prior to trial. The actual plea hearing might show that the court properly advised the defendant of the minimum mandatory sentences and their consequences, but that is not part of the record of this appeal. Thus, on remand the state may still be able to conclusively refute the defendant’s allegations without the necessity of a hearing, depending upon what the court told the defendant during the plea colloquy.
 

 With respect to the second and third grounds for relief, we disagree with the response of the state below that Defendant raised claims of trial court error, which are not cognizable in a rule 3.850 motion. On the contrary, a motion for postconviction relief is the proper vehicle for raising the involuntariness of a plea, which can result because the trial court failed to conduct the plea colloquy in a proper manner. However, both of these grounds were legally insufficient, because Defendant did not show how these alleged deficiencies prejudiced him.
 
 See
 
 Fla. R.Crim. P. 3.172(j) (“Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.”). He did not demonstrate that there actually was no factual basis for his plea; nor did he explain what it was that he did not understand about the nature of the charge; he did not allege that, had the trial court not erred in either of these two ways, he would not have entered his plea but would have proceeded to trial. The state now agrees that these two grounds should be stricken with leave to amend within a reasonable time, pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). We reverse and remand for the trial court to do so.
 

 Reversed and Remanded for further proceedings.
 

 WARNER, STEVENSON and CIKLIN, JJ„ concur.