46 So.3d 631 (2010)
Pedro ALVARADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D09-1217.
District Court of Appeal of Florida, Third District.
October 20, 2010.
Pedro Alvarado, in proper person.
Bill McCollum, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.
*632 Before COPE and GERSTEN, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Affirmed. See Kokal v. State, 901 So.2d 766, 775-76 (Fla.2005).
GERSTEN, J., and SCHWARTZ, Senior Judge, concur.
COPE, J., (dissenting).
The only point defendant-appellant Alvarado has raised in his brief on appeal is that he should be given an opportunity to amend his Rule 3.850 motion pursuant to Spera v. State, 971 So.2d 754 (Fla.2007). That point is well taken.
The defendant filed his motion under Florida Rule of Criminal Procedure 3.850 alleging newly discovered evidence. The newly discovered evidence is set forth in the affidavit of Luis Delgado. The affidavit states that Alvarado's codefendant, Robert Cannon, told Delgado that he planned to falsely accuse this defendant of participating in the charged crime in exchange for a more lenient sentence.
The State filed a trial court response in which it stated that the motion was legally insufficient because it did not attach the affidavit of Luis Delgado. The trial court denied the Rule 3.850 motion and the defendant has appealed.
The defendant maintains the affidavit should have been attached to the motion and has included it in the appendix he has filed here. But the point is that the trial court never saw the affidavit.
The defendant states in his brief that although the trial court denied the 3.850 motion on March 29, 2009, the court did not get around to mailing the order to the defendant until April 15, 2009. The defendant is correct. The certificate of mailing is dated April 15. This means that the defendant's time for filing a motion for rehearing, and to supply the affidavit, had already expired before the trial court mailed the order. The defendant only had time to file a notice of appeal.
Under Spera, a defendant should have at least one opportunity to amend, which is the only thing he is requesting. In the amended motion he can file the affidavit of Delgado and address the State's other arguments.
Cannon's statements to Delgado are, of course, hearsay. In its brief, the State says the Rule 3.850 motion is legally insufficient because it fails to address whether Cannon is available or unavailable to testify. What the State is driving at is that if Cannon is unavailable to testify, then it is possible that Cannon's statements might qualify for admission under the Evidence Code's hearsay exception for statements against interest. § 90.804(2)(c), Fla. Stat. The question whether Cannon is available or unavailable is a proper subject for an amended motion.
We should specify that the defendant can amend under Spera.