PER CURIAM.
Erik Pehrman appeals an order summarily denying his Rule 3.850 motion for postconviction relief, in which he claims ineffective assistance of counsel for failure to convey a plea offer. We conclude that Pehrman’s motion is legally insufficient, but affirm without prejudice to allow him an opportunity to amend his Rule 3.850 motion to state a legally sufficient claim.
In 2005, Pehrman entered into a negotiated plea agreement with respect to two pending cases. In his 2003 case, Pehrman pled guilty to one count of trafficking in cocaine and was sentenced to a three-year mandatory minimum sentence. In his 2004 case, Pehrman pled guilty to attempted first degree murder with a deadly weapon, for which he received thirteen years in prison; aggravated assault with a *954 deadly weapon, for which he received five years; and two misdemeanor charges, for which he received time served. Pehrman’s sentences in the 2003 and 2004 cases were to be served concurrently.
In August 2008, Pehrman filed the instant Rule 3.850 motion for postcon-viction relief. The motion is captioned only in connection with the 2004 case. Pehrman alleged that he recently discovered that the state had extended a seven-year plea offer to resolve his case to his former retained attorney and that the attorney never conveyed that plea offer to him. According to Pehrman, he first learned about the plea offer from his former attorney’s April 18, 2008, response to his Bar complaint against her. In the response, his attorney stated that she had agreed with the prosecutor to a seven-year term of incarceration conditioned on Pehr-man’s agreement to take a psychological examination and the examination results showing mental defects in Pehrman’s thought process. Later, after terminating his former attorney’s services, he entered a negotiated plea which called for a thirteen-year sentence.
The state asserted several reasons for summary denial of Pehrman’s postconviction motion, including that Pehrman is not entitled to relief because, in the course of his plea colloquy, a transcript of which was attached to the order of denial, Pehrman agreed that he had submitted to a mental health evaluation, which showed that he did not have a mental problem. That finding, according to the state, would have rendered the plea offer a nullity, because — according to the terminated attorney’s letter — it was conditioned on the evaluation showing “mental defects in his thought process.” We find, however, that the portion of the plea colloquy on which the state relies is not conclusive of the issue, as we cannot glean that the examination mentioned was the one upon which the plea offer was conditioned.
We therefore affirm the summary denial of Pehrman’s motion for postconviction relief, but under Spera v. State, 971 So.2d 754 (Fla.2007), he is permitted to file an amended motion to allege, if he can do so under oath, that he met the conditions of the plea offer, i.e., that he had a mental health examination which showed a defect in his thinking process at or during the time contemplated by the plea offer.

Affirmed.

WARNER, TAYLOR and CONNER, JJ., concur.