PER CURIAM.
Daniel Tulloeh appeals the summary denial of an eleven point post-conviction motion. See Fla. R.Crim. P. 3.850. We reverse the denial of one point so that the appellant may be afforded a reasonable amount of time in which to amend the claim under Spera v. State, 971 So.2d 754 (Fla.2007).
Following a jury trial, Tulloeh was convicted of Trafficking in Heroin (over 28, under 30 grams) in violation of section *1156 893.035, Florida Statutes (2003). He was sentenced to twenty-seven years and six months imprisonment.
In Ground 7, Tulloch alleged that trial counsel was ineffective for failing to investigate an available defense witness: Detective Taranu. He asserted that this officer would have contradicted the officer who testified at trial — Detective Land — where Detective Land stated that he read Tulloch his Miranda rights. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The State argued that in order to succeed on an ineffectiveness claim for failing to call a particular witness, Tulloch must allege what testimony he would have elicited, that he was available to testify at the time of the hearing, and how he was prejudiced. See Spera, 971 So.2d at 756. It asserted that Tulloch did not meet all of the elements because he failed to identify the witness’s availability and how counsel’s failure to call the witness prejudiced the outcome of his case. The State concedes that Tulloch should be given a chance to amend his legally insufficient claim.
Because the trial court’s order does not refute Tulloeh’s claim, we remand for the trial court to allow him a reasonable amount of time in which to amend this ground. We affirm the remaining issues without comment.

Reversed in part; Affirmed in part; Remanded.

TAYLOR, CIKLIN and CONNER, JJ„ concur.