PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds two through five of the motion without further discussion. However, for the reasons discussed below, we reverse and remand for the trial court to grant the appellant an opportunity to amend his facially insufficient claims raised in ground one of the motion.
In ground one, the appellant asserted that trial counsel was ineffective when he failed to object to improper questions and comments by the prosecutor during the guilt phase of the appellant’s trial. He claimed that the prosecutor was permitted to ask several leading questions of a prosecution witness, which led the witness to testify regarding inadmissible hearsay. He further claimed that during closing argument, the prosecutor improperly bolstered the credibility of the victim and a testifying officer. However, the appellant *992 failed to specify which questions, testimony and prosecutorial comments were improper, or to allege how defense counsel’s failure to object prejudiced him.
The postconviction court denied this claim on the merits, identifying the supposed hearsay and improper prosecutorial comments. We conclude the denial was premature. The postconviction court to have denied the claim on the merits, essentially guessed which comments and testimony the appellant found objectionable.
Accordingly, we reverse and remand for the postconviction court to give the appellant leave to amend ground one pursuant to Spera v. State, 971 So.2d 754 (Fla.2007) (trial court must give defendant one opportunity to amend facially deficient claims). We affirm the denial of the appellant’s remaining claims.
AFFIRMED in part, REVERSED and REMANDED in part with directions.
LEWIS, CLARK, and MARSTILLER, JJ., concur.