COHEN, J.,
concurs, and concurs specially.
The trial court’s initial denial of Peterson’s motion for postconviction relief is understandable. The motion appears to challenge the 2004 judgment and sentence and thus would have been time-barred under Florida Rule of Criminal Procedure 3.850.
Following the initial denial, however, Peterson filed a motion for rehearing, explaining his motion was not time-barred because he was actually challenging the 2010 sentence following his admission to a violation of probation.
Many litigants seem to view motions for rehearing as obligatory. However, Peterson’s case demonstrates why it is important not to simply be dismissive of such motions. His motion for rehearing should have alerted the trial judge to the fact that the motion was not time-barred. What we refer to as resentencing in the majority opinion is simply the sentencing on a violation of probation. The trial judge could have either gone forward with considering the merits of the claim or allowed Peterson to amend under Spera.[2] While I would have found no error in the denial of the original motion, once clarified by the mo *1036 tion for rehearing, dismissal as time-barred constituted error.

. Spera v. State, 971 So.2d 754 (Fla.2007).