ALTENBERND, Judge.
Carlos Escobar appeals the denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He claims that he should have been given the right to amend ground one of his motion before it was dismissed without an evidentiary hearing. We agree and reverse the order on appeal only to the extent that it did not allow Mr. Escobar an opportunity to amend ground one.
Mr. Escobar was charged with and convicted of lewd and lascivious molestation for events that occurred on July 1, 2007, in Hendry County. A little girl, approximately seven years old, testified that he molested her in her backyard. She claimed the crime occurred in a backyard fort that was concealed by trees. Her mother testified that she saw the girl leaving the area of the fort with Mr. Escobar following her. From this court’s record, which includes a large portion of the trial transcript, it does not appear that there were any witnesses to the molestation, and the child’s testimony does not appear to be corroborated by physical or genetic evidence.
In ground one of his motion, Mr. Esco-bar identified two men by name. He claimed that at least one of them would testify that he was working with Mr. Esco-bar and that Mr. Escobar never left the backyard. The trial court ordered the State to respond to this motion. The State argued that although the pleading was facially insufficient in some respects, Mr. Escobar should not be given an opportunity to amend under Spera v. State, 971 So.2d 754, 762 (Fla.2007), because this testimony would not have helped Mr. Esco-bar. The trial court accepted this argument and dismissed the motion without leave to amend.
It is difficult to evaluate the effectiveness of the proffered testimony without, at a minimum, a facially sufficient motion. Although the trial court is likely correct that the strength of the mother’s testimony would be difficult for either of the possible witnesses to overcome, we are hesitant to conclude this postconviction proceeding at this stage. Accordingly, we reverse and remand with instructions to permit Mr. Escobar the opportunity to amend ground one of this motion. Given that Mr. Escobar will find it very difficult to obtain affidavits from these two men from his prison cell and because an attorney on his behalf might be able to better assess the merits of this claim without involving the victim or her family, this may be an appropriate case in which to appoint an attorney to assist Mr. Escobar with his amendment.
Affirmed in part, reversed in part, and remanded.
SILBERMAN, C.J., and NORTHCUTT, J., concur.