PER CURIAM.
Shane Dodier appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Dodier argues that he should have been eligible for a downward departure sentence because the police engaged in sentence manipulation. See State v. Steadman, 827 So.2d 1022, 1025 (Fla. 3d DCA 2002) (“although a defendant does not have a right to be arrested in order to be prevented from committing further crimes, a trial court has discretion to impose a downward departure sentence, when law enforcement allows a defendant to continue criminal activities for no reason other than to enhance his or her sentence”). Dodier’s 3.850 motion was inartfully drafted, however, and did not clearly state a claim of ineffective assistance of counsel for failing to argue for a downward departure sentence based upon Steadman. Rather than granting Dodier an opportunity to attempt to perfect his rule 3.850 claim as required by Spera v. State, 971 So.2d 754 (Fla.2007) (holding that a trial court must give defendant one opportunity to amend facially deficient 3.850 claims), the trial court chose to treat the motion as one pursuant to Florida Rule of Criminal Procedure 3.800(a), and to deny relief since Dodier’s sentence was legal. We reverse and remand with directions that Dodier be granted an opportunity to address the pleading deficiencies in his rule 3.850 motion, as required by Spera.
REVERSED and REMANDED.
LAWSON, BERGER and WALLIS, JJ., concur.