NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THOMAS MAULDIN,               )
                              )
          Appellant,          )
                              )
v.                            )          Case No. 2D14-458
                              )
STATE OF FLORIDA,             )
                              )
          Appellee.           )
_____)

Opinion filed August 29, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Crystal McBee Frusciante, Jupiter, for
Appellant.

No appearance for Appellee.


LaROSE, Judge.


          Thomas Mauldin appeals the summary denial of his motion for

postconviction relief.  See Fla. R. Crim. P. 3.850.  He is serving a forty-year prison

sentence for lewd and lascivious molestation of a victim less than twelve years old.  See

§ 800.04(5)(b), Fla. Stat. (2008).  We affirmed his judgment and sentence on direct

appeal.  Mauldin v. State, 61 So. 3d 1125 (Fla. 2d DCA 2011) (table).  Our mandate

issued on or about June 15, 2011.

On June 6, 2013, Mr. Mauldin, through counsel, signed and readied for mailing his motion for postconviction relief to the clerk of the court for filing.[1]  Finding the motion facially sufficient, the postconviction court ordered the State to respond.  Adopting the State's response, the postconviction court denied Mr. Mauldin's motion on the merits.[2]  We affirm the postconviction court's order as to claims 2, 4, 5, 6, and 7.  Because claims 1 and 3 were legally insufficient, however, the postconviction court should have given Mr. Mauldin an opportunity to amend those claims.  See Spera v. State, 971 So. 2d 754 (Fla. 2007).  Accordingly, we affirm in part, reverse in part, and remand with directions for the postconviction court to allow Mr. Mauldin the opportunity, if he can in good faith, to amend claims 1 and 3.

Affirmed in part, reversed in part, and remanded.


SILBERMAN and VILLANTI, JJ., Concur.

---

[1]Although the State and the postconviction court deemed the motion untimely, we cannot agree.  The last day on which Mr. Mauldin could have filed his motion was on or about June 15, 2013.  His counsel signed the motion on June 6, 2013, as reflected in the certificate of service.  In a motion for rehearing entered after denial of Mr. Mauldin's motion on the merits as well as for untimeliness, counsel submitted an affidavit attesting to her having mailed the motion on June 7, 2013.  Counsel has no explanation as to why the motion was not docketed until June 25, 2013.  It is clear, however, that Mr. Mauldin retained counsel to represent him for postconviction purposes.  See Fla. R. Crim. P. 3.850(b)(3) (extending time when retained counsel, through neglect, fails to timely file postconviction motion).  We treat the motion as timely filed.

[2]Interestingly, the postconviction court initially concluded that Mr. Mauldin's motion asserted facially sufficient claims for relief.  Upon receipt of the State's response, the postconviction court apparently changed its mind and concluded that some of the claims were facially deficient.