PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief. We affirm the denial of all but one of the appellant’s claims. ,
The appellant was convicted of the grand theft of an automobile. In ground (f) of the appellant’s motion, he alleges a claim of newly discovered evidence. Specifically, he alleges that his co-defendant, who was not available at trial, will testify that the appellant did not intend to commit the grand theft of the vehicle and took no action to help the co-defendant. The appellant’s motion is facially insufficient as he failed to attach an affidavit from the co-defendant detailing his proposed testimony (or an explanation for why- such an affidavit could not be obtained). See Fla. R. Crim. P. 3.850(c)(7). The trial court denied the claim on the ground "that the motion lacked such,an affidavit, and on the basis that the outcome of the trial would not have been different. The appellant was entitled to one opportunity to file a facially sufficient motion which included the required affidavit. See Spera v. State, 971 So.2d 754 (Fla.2007) (trial court must give defendant one opportunity to amend facially deficient claims). We- cannot tell from the record before this Court that the outcome of the trial would not have been affected had the co-defendant testified, especially in light of the fact that the appellant has failed to attach an affidavit detailing what the co-defendant’s testimony is, or to specify how the outcome would be affected by that testimony.
For the foregoing reasons, we reverse and remand the denial of the appellant’s claim of newly discovered evidence for the trial court to grant the appellant one'op *562 portunity to file a facially sufficient claim. We affirm the denial of the appellant’s remaining claims.
AFFIRMED', in part, . REVERSED ANDREMANDED in part, for further proceedings consistent with this opinion.
ROWE, RAY, and SWANSON, JJ., concur.