IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RUSSELL ROY SMITH,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1127

Opinion filed August 2, 2016.

An appeal from an order of the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

Russell Roy Smith, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

The appellant appeals the summary denial of his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm the

denial of ground two without further comment. For the reasons discussed below, we reverse and remand the denial of ground one.

In ground one, the appellant asserts that counsel was ineffective for failing to introduce mitigating evidence in support of a request for a downward departure sentence. The appellant does not allege what evidence counsel should have introduced or why it would have led to him receiving a downward departure. However, the appellant is entitled to one opportunity to amend to state a facially sufficient claim. See Spera v. State, 971 So. 2d 754 (Fla. 2007) (trial court must give defendant one opportunity to amend facially deficient claims); Thacker v. State, 990 So. 2d 1223 (Fla. 1st DCA 2008) (reversing denial of facially insufficient claim that counsel was ineffective for failing to argue for a downward departure for trial court to grant an opportunity to amend pursuant to Spera). Thus, we affirm in part, and reverse and remand in part for the trial court to grant the appellant 60 days to file a facially sufficient claim that counsel was ineffective for failing to introduce evidence in support of a downward departure sentence, if the appellant can do so in good faith.

Affirmed in part, Reversed and Remanded in part with directions.

BILBREY and M.K. THOMAS, JJ., and BEVERLY, THOMAS M., ASSOCIATE JUDGE, CONCUR.