NORTHCUTT, Judge.
 

 Christopher Ruben Brown seeks review of the order denying his motion for post-conviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. Brown’s motion raised ten claims, all but one of which were summarily denied by the circuit court. Because the court erroneously determined that Brown failed to allege prejudice on four of his claims, we reverse for it to reconsider claims one, four, six, and seven. We also reverse the summary denial of claims two and nine and remand for the court to strike those claims as facially insufficient and to give Brown leave to amend them. We affirm the denial of Brown’s remaining claims without comment.
 

 On April 14, 2005, Brown was convicted by a jury of aggravated battery on a law enforcement officer, aggravated fleeing to elude, resisting a law enforcement officer with violence, providing a false name to a law enforcement officer, and having no valid driver’s license. The trial court sen
 
 *216
 
 tenced Brown to thirty years in prison as a prison releasee reoffender. This court affirmed Brown’s judgment and sentence on May 19, 2006.
 
 See Brown v. State,
 
 929 So.2d 1061 (Fla. 2d DCA 2006) (table decision). The mandate issued on June 9, 2006.
 

 The State’s theory at trial was that Officer Rosa stopped Brown’s vehicle for a defective taillight, Brown fled the scene, and in so doing he drove his vehicle over Officer Rosa’s foot. A police chase followed, and Brown’s vehicle collided with a pursuing patrol car driven by Officer Pem-berton. Brown, who sustained injuries as a result of the collision, exited his vehicle and fled on foot. He was caught near a residence by deputies after a brief foot chase.
 

 The defense theory was that Brown had been targeted by the officers. According to the defense, Officer Rosa pulled Brown over because Officer Rosa was enamored of Brown’s girlfriend, Sharona Buckalew. When Officer Rosa approached Brown’s vehicle, he smashed Brown’s windshield with his flashlight, maced Brown, and threatened “to beat the crap out of him.” Brown contended that he fled the scene in his vehicle to escape Officer Rosa’s attack. Officer Rosa shot out the tires on Brown’s vehicle, and Brown eventually lost control and collided with Officer Pemberton’s patrol car. Brown fled on foot toward a residence in an attempt to get witnesses on the scene. The officers beat Brown when they caught up to him in retaliation for ruining their “Yankees” patrol car, which had been donated by George Stein-brenner, owner of the New York Yankees baseball franchise. Brown pursued this defense without the testimony of Bucka-lew, who could not be located, and without any forensic evidence from his vehicle, which had been auctioned off in forfeiture proceedings. In fact, Brown was the sole defense witness.
 

 On November 22, 2006, Brown filed a motion for postconviction relief pursuant to rule 3.850 in which he raised ten claims of ineffective assistance of counsel. The circuit court subsequently entered an order denying Brown’s motion in part and dismissing it in part. The court found each of Brown’s claims to be legally insufficient for failing to address the prejudice prong as required by
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court denied relief on claims one through seven and claims nine and ten and dismissed claim eight without prejudice to Brown’s right to file an amended claim within thirty days. Brown filed a timely amendment to claim eight, and the court denied part of the claim and granted an evidentiary hearing on the remainder of the claim. The court denied the remainder of claim eight on March 5, 2008.
 

 Claims That Require Reconsideration
 

 Claim One
 

 In this claim, Brown maintained that his trial counsel was ineffective for failing to preserve evidence. Brown alleged that his vehicle, which was asserted to be the deadly weapon for purposes of the charged aggravated battery of Officer Pemberton, was auctioned off in forfeiture proceedings. Brown alleged that his counsel was ineffective for failing to seek a court order to preserve the vehicle as evidence because it could have been used to verify Brown’s version of the events leading to the charges in the case. Brown set forth in detail the type of evidence he contended would have been retrieved from his vehicle and how this evidence would have helped his defense. He claimed that his counsel’s omissions “substantially prejudiced [Brown] to the extreme of going to trial on credibility evidence that would have otherwise been spoiled had [Brown’s] more compelling evidence been preserved.”
 

 
 *217
 
 The circuit court summarily denied relief on this claim based on its finding that Brown failed to allege prejudice under
 
 Strickland,
 
 466 U.S. 668, 104 S.Ct. 2052. The court relied on
 
 Duckett v. State,
 
 918 So.2d 224 (Fla.2005), to support this holding. In
 
 Duckett,
 
 the supreme court held that a claim was legally insufficient for failing to address prejudice based on the defendant’s “vague assertion that he was ‘denied an adversarial testing.’ ”
 
 Id.
 
 at 235. In this case, however, Brown specifically set forth the evidence that would have been retrieved from his vehicle and how it could have been used to aid his defense at trial. Brown’s defense was that he was fleeing from Officer Rosa, who intended to beat him up for personal reasons. Brown’s defense largely relied on his account of the events, and the evidence Brown alleged would have been retrieved from his vehicle would have been essential to his credibility. Accordingly, Brown did effectively allege prejudice, and the circuit court erred in summarily denying relief on this ground.
 

 Claim Four
 

 In this claim, Brown alleged that his trial counsel was ineffective for failing to conduct a reasonable pretrial investigation to collect evidence. Brown claimed that counsel failed to discover the identity of a witness who was at the scene when Brown was stopped by Officer Rosa. Brown recounted that he had learned that this witness was Richard Homsher. He alleged that he had spoken with Homsher and that Homsher would testify that Brown’s taillights were working at the time of the stop and that Brown “did nothing to provoke Rosa pulling and firing his firearm.”
 

 The circuit court summarily denied relief on this claim based on its finding that Brown had failed to effectively allege prejudice. However, Brown’s allegations that Homsher would have corroborated his testimony that he was not pulled over for a defective taillight and that Brown “did nothing to provoke Rosa pulling and firing his firearm” established that Homsher’s testimony would have benefited Brown. While the State correctly argues that this claim was otherwise facially insufficient because it failed to allege that Homsher was available to testify at trial, this was not the basis for the court’s denial of the claim. Thus, the postconviction court erred in summarily denying Brown’s claim for failure to effectively allege prejudice.
 

 Claim Six
 

 In this claim, Brown alleged that his trial counsel was ineffective for failing to investigate and discover the name of the agency that sold Brown his vehicle. Brown alleged that he bought the vehicle on the same day that the incident occurred and that the agency’s representative could have testified that his taillights were in working order. The circuit court summarily denied relief on this claim based on its finding that Brown failed to effectively allege prejudice. However, the prejudice alleged by Brown was that this information could have been used at trial to discredit Officer Rosa’s testimony that he stopped Brown because he had a defective taillight. Accordingly, the postconviction court erred in summarily denying relief on this claim.
 

 Claim Seven
 

 In this claim, Brown alleged that his trial counsel was ineffective for failing to investigate and discover evidence to establish that Officer Rosa shot out the tires on Brown’s vehicle. Brown alleged that counsel should have checked the police ammunition files to find this evidence. The circuit court summarily denied relief on this claim based on its finding that it was conclusory and failed to effectively address prejudice. However, the court erred in making this determination.
 
 *218
 
 Brown alleged deficient performance by counsel for failing to investigate evidence that would have impeached the testimony of Officer Rosa, a key witness whose credibility was central to the State’s case. Brown also alleged that this evidence would have supported his theory that he did not intentionally hit Officer Pember-ton’s police cruiser but lost control after his tires were shot out. Accordingly, the postconviction court erred in summarily denying relief on this claim.
 

 Claims That Require Striking
 

 Claim Two
 

 In this claim, Brown alleged that his trial counsel was ineffective for failing to investigate Officer Pemberton’s police cruiser. Brown recounted that Officer Pemberton testified that his cruiser was at a standstill when it was hit by Brown’s vehicle during the police chase and that it was knocked backward ten to fifteen feet. Brown did not explain exactly what evidence would have been retrieved from Officer Pemberton’s vehicle; it can be inferred from Brown’s entire motion that he believed an examination of the vehicle would have shown that Officer Pember-ton’s account of the accident was false. However, it is not clear how Officer Pem-berton’s police cruiser would have established that fact.
 

 The circuit court summarily denied relief on this claim based on its determination that Brown had not effectively alleged prejudice. We find no error in this determination. However, as the State concedes, the postconviction court should have stricken, not denied, this claim.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). The State also properly concedes that the court was required to provide Brown leave to amend this facially insufficient claim.
 
 See id.
 
 Accordingly, we reverse with directions for the court to strike this claim and provide Brown leave to amend.
 

 Claim Nine
 

 In this claim, Brown alleged that his trial counsel was ineffective for misadvis-ing Brown that Sharona Buckalew was not available because she was somewhere in Texas. Brown contended that Buckalew was still in Florida at the time of trial. The circuit court summarily denied relief on this claim, finding that it was eoncluso-ry and failed to effectively allege prejudice. From the entire context of Brown’s motion, it appears that Brown attempted to allege that defense counsel misinformed him about the whereabouts of the only witness who could corroborate his testimony regarding Officer Rosa’s motive for stopping and threatening him. However, because Brown did not explain how counsel should have known Buckalew’s location, we conclude that the circuit court did not err in determining that the claim was facially insufficient. However, the State properly concedes that the court should have stricken, not denied, this claim under
 
 Spera.
 
 On remand, the court should strike this claim and provide Brown leave to amend.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and WALLACE, JJ., Concur.