IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANLEY LEOPOLD,

     Appellant,

 v.                              Case No.  5D16-1293

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed September 9, 2016

3.850 Appeal from the Circuit
Court for Volusia County,
James R. Clayton, Judge.

Stanley Leopold, Jasper, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Stanley Leopold appeals from the dismissal of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm in part and reverse in part because, as the State correctly concedes, a portion of Leopold's sentence appears to be illegal.

Leopold was charged with burglary of an occupied dwelling, grand theft auto, fleeing and eluding, and resisting an officer without violence. He entered a negotiated nolo contendere plea to his charges and received a twenty-year sentence on Count I (fifteen years

of that sentence to be served as a prison release reoffender ("PRR")) and concurrent five-year sentences on Counts II and III. Leopold did not appeal, and his judgment and sentence became final on December 28, 2012.

Leopold timely filed a motion for postconviction relief that raised one claim: counsel was ineffective in failing to provide him, prior to entering into the plea, with depositions that counsel allegedly took. Leopold claimed that the depositions might have supported a reasonable defense to the burglary charge. He stated, without any specificity, that because counsel failed to provide him with copies of the alleged depositions, his plea was the product of force and pressure. Notably, Leopold did not claim who was deposed, who should have been deposed, or how the testimony would have supported his defense. He also did not allege that had counsel performed adequately, he would have chosen to proceed to trial rather than to enter a plea.

The trial court dismissed the facially insufficient motion without prejudice, granting Leopold sixty days to amend pursuant to Spera v. State, 971 So. 2d 754 (Fla. 2007), and Florida Rule of Criminal Procedure 3.850(f)(2). Leopold failed to file an amended motion and the trial court rendered its final order denying the original motion.[1]

Leopold filed a second rule 3.850 motion raising a new claim: that he was misled into "accepting a plea to an illegal sentence." He argued that burglary of an occupied dwelling is a second-degree felony subject to a fifteen-year statutory maximum, making his twenty-year sentence on Count I illegal. He also attempted to perfect his original, insufficiently pleaded

---

[1] Subsequently, Leopold filed a "Notice of Correspondence in Abeyance with Appeal" requesting to file another rule 3.850 motion, or if disallowed, to reserve his right to appeal the final order. This appears to have been intended as either an untimely motion for rehearing or, alternatively, as a notice of appeal.

claim, by listing a specific witness. The lower court dismissed the motion as untimely, and this appeal followed.

We affirm the dismissal of the motion for postconviction relief with the exception of Leopold's claim regarding the legality of the sentence on Count I. Based on the judgment and sentence, and his factual assertions in his original motion, the illegal sentence claim appears meritorious. While the claim that counsel was ineffective was untimely, a claim that a sentence is illegal may be raised at any time. See State v. McBride, 848 So. 2d 287, 293 (Fla. 2003). The State correctly concedes error and agrees that the sentence exceeds the statutory maximum.[2] Accordingly, the trial court erred in dismissing that claim as procedurally barred.

We affirm in part, reverse in part, and remand for the trial court to address the illegal sentence claim.

AFFFIRMED IN PART; REVERSED IN PART; REMANDED.

SAWAYA, COHEN and BERGER, JJ., concur.

---

[2] See §§ 810.02(3)(a), 775.082(3)(d), Fla. Stat. (2012).