PER CURIAM.
George Roberts appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Roberts alleged several grounds for relief, but some of these grounds were not numbered. One of the unnumbered grounds asserted a claim of newly discovered evidence based on an allegation that two key state witnesses, Roberts’s daughters, recanted them testimony regarding sexual abuse. The trial court denied this claim because Roberts failed to. attach sworn affidavits from these witnesses as required by rule 3.850(c).[1]
On appeal, the state concedes, and we agree, that Roberts should have been granted leave to amend this facially insufficient claim. See Fla. R. Crim. P. 3.850(f)(3); Spera v. State, 971 So.2d 754, 761 (Fla.2007); Fletcher v. State, 53 So.3d 1249, 1249 (Fla. 4th DCA 2011) (holding that postconviction movant was entitled to have an opportunity to cure insufficient claim of newly discovered evidence by refiling the motion with a properly sworn affidavit).
We therefore reverse and remand as to Roberts’s claim of newly discovered evidence. The trial court should enter an order granting Roberts leave to refile this claim with properly sworn affidavits. See Fla. R. Crim. P. 3.850(f)(3). We affirm the other grounds raised in his motion without comment.

Affirmed in part; reversed and remanded in part,

GROSS, GERBER and CONNER, JJ., concur.

. Roberts's attorney did attach two letters, which purported to be from Roberts's daughters, but these letters did not contain notarized oaths attesting to the facts stated within.