Per Curiam.
On appeal, the appellant only challenges the postconviction court's order that summarily denied ground B, C, and D of his motion for postconviction relief. Because the postconviction court failed to attach any portions of the record that conclusively refute the appellant's allegations and we must accept the appellant's factual assertions as true, we reverse. See Jennings v. State , 123 So.3d 1101, 1121 (Fla. 2013)
*554 ("When reviewing the summary denial of a claim raised in a rule 3.850 motion, the court must accept the movant's factual allegations as true to the extent that they are not refuted by the record."). On remand, we require the postconviction court to hold an evidentiary hearing on grounds B and C because of the circumstances surrounding this case. First, this case languished in the lower court for nearly twelve years. Second, the lower court granted the appellant an evidentiary hearing on grounds B and C, and even denied the State's request to revisit its decision.* Third, a number of scheduled evidentiary hearings had been continued or cancelled. Fourth, when the instant case came before the postconviction court for an evidentiary hearing, at the start of the hearing, the postconviction court announced that it did not need to hold the hearing as there was enough to deny the appellant's motion, signed an order that it had prepared prior to the hearing, and terminated the hearing. For those reasons, we are requiring the postconviction court to hold the evidentiary hearing on grounds B and C. We also urge the postconviction court to hold an evidentiary hearing on ground D. The appellant alleged that trial counsel was ineffective for failing to fully investigate or hire an expert in pharmacology or biochemistry in order to understand how his prescription medication interacted with his medical conditions and abuse of illicit substances. Without a thorough statement of the steps trial counsel had taken to understand the interactions, it will be difficult for the postconviction court to conclusively refute the appellant's claims.
REVERSED and REMANDED for further proceedings consistent with this opinion.
Roberts and Bilbrey, JJ., concur; Winokur, J., concurs in part dissents in part with opinion.

We note the dissent's position that ground B was insufficiently pled. Even if ground B was legally insufficient, the record before this Court shows that the appellant would be entitled to amend this claim unless the claim is not amendable or is conclusively refuted by the record. Spera v. State , 971 So.2d 754, 761 (Fla. 2007) ; Taylor v. State , 120 So.3d 540, 551 (Fla. 2013).