DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADONIS BATISTA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3023

[January 8, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case Nos. 50-2015-CF-004958-AXXX-MB, 50-2015-CF-004959-BXXX-MB, 50-2015-CF-004960-AXXX-MB, 50-2015-CF-004963-AXXX-MB, 50-2015-CF-005134-AXXX-MB, 50-2015-CF-005136-AXXX-MB, 50-2015-CF-005301-AXXX-MB, 50-2015-CF-005574-AXXX-MB, 50-2015-CF-005917-AXXX-MB, and 50-2016-CF-005278-AXXX-MB.

Adonis Batista, Coconut Creek, pro se.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the trial court's order summarily denying appellant's rule 3.850 motion for postconviction relief and remand with directions that the trial court provide appellant an opportunity to amend his motion if he can do so in good faith.

As the state concedes, the trial court did not attach any records to support its conclusion that the motion was untimely, and the court erred in finding that appellant had failed to allege any exception to the two-year time limit. *See* Fla. R. Crim. P. 3.850(b)(1). Appellant alleged newly discovered evidence. As explained below, the trial court should have allowed appellant at least one opportunity to amend the motion to cure pleading deficiencies. *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007); *see also* Fla. R. Crim. P. 3.850(f).

Appellant's motion was facially insufficient as it failed to contain the information required by rule 3.850(c) ("Contents of Motion"), such as the date of the judgment and sentence under attack and whether an appeal or prior postconviction motion had been filed.

We agree with the state that appellant's bare and conclusory allegation of newly discovered evidence was insufficient. Appellant's motion failed to describe the nature of the alleged new evidence or explain how "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

Finally, appellant failed to attach an affidavit or to explain why no affidavit was attached as required by the rule:

> If the defendant is filing a newly discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion. For all other newly discovered evidence claims, the defendant shall attach an affidavit from any person whose testimony is necessary to factually support the defendant's claim for relief. If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained.

Fla. R. Crim. P. 3.850(c).

Accordingly, we reverse the order summarily denying the motion and remand for the trial court to provide appellant an opportunity to amend his motion and to allege a valid exception to the two-year time limitation *if he can do so in good faith*. *Spera*, 971 So. 2d at 762 ("[W]e warn that our decision today permits defendants to amend defective pleadings only if they can be amended in good faith. It is not an invitation to frivolous pleading."); *see also* Fla. R. Crim. P. 3.850(n) ("No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.").

*Reversed and remanded with directions.*

WARNER, CIKLIN and CONNER, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*