# Third District Court of Appeal
## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1363
Lower Tribunal No. F05-16085
_____


**Derrick Holmes,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Derrick Holmes, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.


Before LOGUE, LINDSEY, and MILLER, JJ.

PER CURIAM.

In this appeal of a denial of a motion under Rule 3.850 of the Florida Rules of Criminal Procedure, we affirm on all claims except the first.

Appellant's first claim, namely that his lawyer was ineffective for failing to raise an insanity defense, failed to assert a legally sufficient claim. Accordingly, while the trial court properly denied this claim, Appellant should have been given an opportunity to amend his motion to state a legally sufficient claim, as the State commendably concedes.

Under Florida law, insanity requires proof that the defendant 1) "had a mental infirmity, disease, or defect," and 2) that "because of this condition," he or she "did not know what [he or she] was doing or its consequences or . . . although [he or she] knew what [he or she] was doing and its consequences, [he or she] did not know it was wrong." Fla. Std. Jury Instr. (Crim.) 3.6(a).

Here, the Appellant's motion referenced a finding that he lacked the capacity to appreciate the criminality of his conduct. The lack of capacity to appreciate the criminality of conduct pertains to a potential statutory mitigating factor in the penalty phase of a capital murder trial. Florida appellate courts, including the Supreme Court, have repeatedly recognized that the standard for lack of appreciation of the criminality of one's conduct does not constitute insanity, and entails a lower level of proof than does insanity. The Florida Bar v. Musleh, 453 So. 2d 794, 796-97 (Fla. 1984); Johnson v. State, 44 So. 3d 51, 71-72 (Fla. 2010).

2

As the Appellant's motion does not set forth a legally sufficient claim that he was insane at the time of the offense and that counsel was therefore ineffective for failing to obtain and present an expert in support of that defense, the denial of that claim on the merits must be reversed. This claim should have been denied because it failed to state a legally sufficient claim and the Appellant should have been granted an opportunity to assert a legally sufficient claim. <u>Spera v. State</u>, 971 So. 2d 754 (Fla. 2007); <u>Valle v. State</u>, 20 So. 3d 979 (Fla. 3d DCA 2009).

Affirmed in part, reversed in part, and remanded for further proceedings.