# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2473
LT Case No. 2014-CF-002708-B
_____

DILLON JAMES GRESHAM,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


3.850 Appeal from the Circuit Court for Marion County.
Lisa Diane Herndon, Judge.

Dillon James Gresham, Sneads, pro se.

No Appearance for Appellee.


January 3, 2025

PER CURIAM.

    Appellant, Dillon James Gresham, appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of Appellant's motion, except as to ground six. In ground six of the motion, Appellant claims that the State

committed a *Giglio*[1] violation by introducing false testimony during his trial which helped secure his conviction. The trial court denied this claim, reasoning that Appellant alleged merely conclusory allegations and failed to state a legally valid claim. We agree that the claim is deficient, but Appellant did not receive an opportunity to amend. We therefore reverse for the trial court to give Appellant an opportunity to amend this claim, if he can do so in good faith. *See Spera v. State*, 971 So. 2d 754, 762 (Fla. 2007) (holding that when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion); *Howard v. State,* 336 So. 3d 391 (5th DCA 2022).

AFFIRMED in part; REVERSED in part; and REMANDED.

HARRIS, BOATWRIGHT, and KILBANE, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[1] *Giglio v. United States*, 405 U.S. 150 (1972).