# Third District Court of Appeal
## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0911
Lower Tribunal No. F16-21185
_____

**Nimer Abdallah,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Nimer Abdallah, in proper person.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

EMAS, J.

Nimer Abdallah appeals from the trial court's order summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part, and remand with directions to permit Abdallah to amend his motion.

Abdallah alleged in his motion for postconviction relief that he was charged with and convicted of two counts of sexual battery on a physically incapacitated victim, and one count of burglary with an assault or battery. He proceeded to trial, was found guilty as charged, and was sentenced to 170.25 months in prison, followed by ten years' probation. His judgment and sentences were affirmed on direct appeal in 2021. Abdallah v. State, 335 So. 3d 696 (Fla. 3d DCA 2021).

In his timely-filed motion for postconviction relief, Abdallah asserted six claims of ineffective assistance of counsel, each of which was denied by the trial court without a hearing.

We affirm the trial court's order as to five of the six claims raised by Abdallah in his postconviction motion.[1]  As to the sixth claim (numbered

---

[1] These claims were either procedurally barred or conclusively refuted by the record attachments contained in the State's response and incorporated into the trial court's order.  See Fla. R. Crim. P. 3.850(f)(4) ("*Motions Partially Disposed of by the Court Record*. If the motion sufficiently states 1 or more claims for relief but the files and records in the case conclusively show that the defendant is not entitled to relief as to 1 or more claims, the claims that are conclusively refuted shall be summarily denied on the merits without a

Claim Two in his motion), Abdallah asserts that trial counsel rendered ineffective assistance by failing to file a motion to suppress inculpatory statements made by Abdallah to, and recorded by, a law enforcement officer.

As the State correctly argued to the trial court at a hearing on the motion, Abdallah's claim, consisting of conclusory allegations, is insufficient on its face to entitle Abdallah to an evidentiary hearing. However, the State incorrectly argued to the trial court that summary denial was proper under such circumstances. Instead (and as the Assistant Attorney General has properly acknowledged in this appeal), Florida Rule of Criminal Procedure 3.850(f)(2) dictates the appropriate procedure to be followed:

> *Timely but Insufficient Motions*. If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.

---

hearing. A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to 1 or more claims shall be attached to the order summarily denying these claims. The files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed. An order that does not resolve all the claims is a nonfinal, nonappealable order, which may be reviewed when a final, appealable order is entered.").

See also Spera v. State, 971 So. 2d 754, 761 (Fla. 2007) (case serving as the impetus for the Court's adoption of current rule 3.850(f), resolving conflict among the district courts and holding that "when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.").

We therefore affirm the trial court's order in all respects, except for Claim Two.  As to that claim, we reverse and remand for the trial court to enter a nonfinal, nonappealable order permitting Abdallah sixty days to amend to allege a facially sufficient claim, and for further proceedings thereafter as may be appropriate.[2]

Affirmed in part, reversed in part, and remanded with directions.

---

[2] We do not reach the merits of Abdallah's postconviction Claim Two, and offer no opinion whether Abdallah can allege a facially sufficient claim to entitle him to an evidentiary hearing or other relief.