# Third District Court of Appeal
## State of Florida

Opinion filed July 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2298
Lower Tribunal No. F06-37622E
_____

**Jose Laurel Estache,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Jose Laurel Estache, in proper person.

James Uthmeier, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before MILLER, GORDO, and GOODEN, JJ.

MILLER, J.

Appellant, Jose Laurel Estache, appeals from the summary denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  The trial court found the motion to be legally insufficient. Upon the State's commendable concession of error and our own independent review of the record, we reverse the summary denial and remand with instructions to the trial court to vacate the order rendered below and strike the motion without prejudice for appellant to amend within sixty days.  See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the [trial] court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Spera v. State, 971 So. 2d 754, 755 (Fla. 2007) ("[W]e hold that in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected."); McCorvey v. State, 384 So. 3d 314, 316 (Fla. 5th DCA 2024) (reversing to allow defendant to amend postconviction relief motion to cure deficiencies pursuant to rule 3.850(f)(2)); Howard v. State, 318 So. 3d 1266, 1267–68 (Fla. 2d DCA 2021) (holding that the trial court should have struck insufficient motion and granted defendant sixty days to file an amended motion raising facially sufficient claims under rule 3.850(f)); Hall v. State, 85

So. 3d 1116, 1117 (Fla. 4th DCA 2012) ("Because <u>Giglio</u> violations may be raised in motions for postconviction relief, the trial court should have stricken the motion and given Defendant an opportunity to amend.").

Reversed and remanded.